## MARGARET E. HIGDON and FREDERICK STONE, Admrs. of JOHN F. S. HIGDON, vs. JOSEPH STEWART.

The plaintiff, who had been sheriff, proved that the defendants' intestate, while acting as his deputy, had received and collected fees to the amount of $2666.76, and then, to remove the bar of the statute of limitations pleaded in the case, proved that in an interview, some time before his death, the intestate had a conversation with witness, and with a third party in witness' presence, in which he said, if he was to settle with the plaintiff, according to the plaintiff's ideas, he *should owe him a pretty smart sum of money*, but there was a good deal to do, and he did it; there were criminals to carry to the penitentiary, and he went with them, and he thought he ought to have half the profits; that he and the plaintiff never had had any settlement, and *he did not think he owed the plaintiff any thing;* that he had receipts for all the money he had paid the plaintiff, except for $100, but he did not know how much he had paid him, he thought he had paid him $600 or $700, but the books or receipts would show; *that he did not think he owed the plaintiff more than fifty dollars.* HELD:

1st. That these declarations are not sufficient to remove the bar of the statute; they come within the principle that where the debtor makes an acknowledgment, accompanied by a qualification or declaration, which, if true, would exempt him from a moral obligation to pay, he will not be bound.

2nd. That these declarations, which must be taken together as a whole, mean that the debt was discharged by payments and his claim for services, which amounted to a denial of its existence at the time of the conversations.

An acknowledgment, to take a case out of the statute, must amount to an admission of a present subsisting debt.

The declaration or acknowledgment must be taken as a whole; offered by the plaintiff as his proof, he will not be allowed to adopt the admission and reject the qualification.

Where a party says the debt was once due, but has been paid, it will not revive the remedy; the qualification or accompanying declaration must be taken as true, and cannot be disproved by showing that he was mistaken in supposing it had been paid.

Where a party admits his indebtedness *generally*, a promise to pay a particular sum need not be proved, but where the admission is limited to a precise amount, the party offering the admission is bound by the declaration as made; he cannot disprove it by showing he owed more, nor can he segregate one part from the other.

Where the declarations offered by the plaintiff contain *opinions*, and not

*positive* assertions, that the party owed him nothing, still the plaintiff cannot discard these opinions from consideration any more than the other parts of the conversation.

APPEAL from the Circuit Court for Charles county.

*Assumpsit*, brought on the 19th of March 1859, by the appellee against the appellant. Pleas, *non assumpsit, payment* and *limitations*. At the trial three exceptions were taken, the first by the plaintiff, and the second and third by the defendants.

*1st Exception.* The plaintiff proved that he was sheriff of Charles county, and acting as such in the years 1846, 1847, 1848, and that Higdon, the defendants' intestate, was acting as his deputy; that during those years, and up to 1851, inclusive, Higdon, as his deputy aforesaid, had received and collected fees to the amount of $2666.76, and then proved, by Campbell, that some three or four weeks before the death of Higdon, which occurred the latter part of July 1858, Higdon sent for witness, and he went to see him; he asked witness to see Mr. Stewart, the plaintiff, and ask him to come down and see him; that he, Higdon, wished to have a settlement with him; that they had never had any settlement of their accounts; that the amount Stewart was to pay him for his services as deputy sheriff, had never been fixed between them, and that he and Stewart could settle their business better than any one else, but he thought they were about even. The plaintiff then asked the court to instruct the jury, that if they found these facts to be true, the plaintiff's claim, to the extent they might find the same proved, was not barred by the statute of limitations pleaded in this cause; but the court (CRAIN, J.) refused this prayer, and instructed the jury, that if they found the facts as stated, they must find a verdict for the defendants, upon the plea of limitations, to which refusal and opinion of the court, the plaintiff excepted.

*2nd Exception.* After the evidence given in the first bill of exceptions, herewith incorporated and made part of this exception, the plaintiff offered in evidence the deposition of E. W. Day, who now resides out of the State. This deposition

Higdon's Admrs. *vs.* Stewart.

shows that the witness, in answer to interrogatories on the part of the plaintiff, says: "I knew John F. S. Higdon for thirty years. I never had any conversation with him in reference to any business between himself and Joseph Stewart, but he had with me. I was in company with Mr. Stone; went, on the 19th of July 1858, down to witness an instrument of writing, conveying some property to his daughter; during our stay, there was considerable conversation relative to his debts, between Mr. Stone and John F. S. Higdon, and there was an allusion to the state of affairs between Mr. Stewart and himself; sometime afterwards, I was sitting by his side, when Mr. Stone was not in the room, and he turned to me and said, if he was to settle with Mr. Stewart according to Mr. Stewart's ideas, he would owe him a pretty smart sum of money, but there was a good deal to do, and he did it; there were criminals to carry to the penitentiary, and he went with them, and he thought he ought to have half of the profits. Higdon had been acting as deputy sheriff for Mr. Stewart, and in the conversation above detailed, he was talking about his business as deputy sheriff for Mr. Stewart. That is the sum and substance of the conversation I had with him."

In answer to cross-interrogatories on the part of the defendants, the witness says: "I was not the agent of Mr. Stewart at the time of the conversation above spoken of. I cannot speak very definitely, but should think the conversation between Higdon and myself was at least an hour after that between Higdon and Stone." In answer to the third cross-interrogatory, viz: Did not Stone ask Higdon, in the conversation between them, if he owed Stewart as much as fifty dollars, and did not he reply that if there was fifty dollars owing between them, that Stewart owed it to him, or words to that effect? he says: "I did not so understand it; Mr. Stone called his attention to the business between him and Mr. Stewart; he, Higdon, said that he and Stewart never had had any settlement, and that he did not think he owed Mr. Stewart any thing, that he had receipts for all the money he had paid Mr. Stewart, except for one hundred dollars, but

he did not know how much he had paid him, he thought he had paid him six or seven hundred dollars, but the books or receipts would show; sometime afterwards, Mr. Stone called his attention to the matter again, when he said he did not think he owed Mr. Stewart more than fifty dollars."

The plaintiff then prayed the court to instruct the jury, that the evidence contained in said deposition, if believed by them, was sufficient to remove the bar of the statute of limitations, which instruction the court gave, and to this ruling the defendants excepted.

*3rd Exception.* Upon all the aforegoing evidence, contained in the two aforegoing exceptions, herewith incorporated and made part of this exception, the defendants prayed the court to instruct the jury that the aforegoing evidence, if found by them to be true, is not sufficient to remove the bar of the statute of limitations, except as to the sum of fifty dollars, which instruction the court refused to give, but instructed the jury that it was their duty to take the admissions of the intestate, Higdon, together, as well those which operated in his favor as those which operated against him, and find a verdict accordingly, to which refusal of the court to give the instruction as asked, as well as to the instruction given, the defendants excepted.

The verdict was in favor of the plaintiff for $1865.73, and from the judgment thereon the defendants appealed.

The cause was argued before TUCK, BARTOL and GOLDSBOROUGH, J.

*Thos. G. Pratt*, for the appellant:

The rulings of the court below present but a single question for the decision of this court, and that is, whether the admissions of the appellants' intestate, as given in the deposition of the witness Day, were sufficient to remove *in toto* the bar of the statute? It is insisted for the appellants that such admissions were not sufficient for that purpose; that in Maryland, nothing less than an *assumpsit* express or implied will be sufficient to remove the bar of the statute of limita-

tions, after it has once operated upon the demand; that any acknowledgment to take a case out of the statute must be of such a character as that an implied promise may arise therefrom; that there must be a *new promise,* express or implied—an admission of a present subsisting debt; that if the acknowledgment be accompanied by such qualifying expressions or circumstances as repel the idea of an *intention* or *contract* to pay, no implied promise is created; that if the acknowledgment be accompanied by a qualification or declaration which, if true, would exempt the party making it from a moral obligation to pay, it will not suffice; that when a qualification accompanies the admission, *the truth of the qualification* cannot be disputed, and if taken together a new promise or contract to pay cannot be implied therefrom, the bar of the statute is not removed; and that in this case the admission, "that he did not owe more than fifty dollars," cannot raise the implication that he promised to pay two thousand dollars.

*A. B. Hagner* and *A. Randall*, for the appellee:

It is conceded that an acknowledgment to take a case out of the statute must be of such a character that an *implied* promise to pay may arise therefrom; that it must amount to an admission of a present subsisting debt, but there need be no *express* promise to pay, nor an acknowledgment of any particular sum. A promise to *settle* or *account* imports, *ex vi termini,* a promise to pay. A general acknowledgment of indebtedness is sufficient, and opens the case to whatever the plaintiff may be able to prove to the jury, was the amount of that indebtedness. The admissions here amount clearly to the acknowledgment of a subsisting debt. The qualifications thereto do not amount to the *assertion* of any *claim* or *set off.* They are mere *opinions:*—he says: "I *think* we are about even;" "I *think* I ought to have half of the profits;" "I do not *think* I owe him more than fifty dollars;" "I do not *think* I owe him any thing." Such statements, coupled with an acknowledgment of a subsisting debt, amount to nothing. He received by the verdict, under the court's in-

struction in the defendants' second exception, the full bene-fit of the payments which he even *thought* he had made. These qualifications are not and cannot be construed as a *denial* of an existing indebtedness, for they are *qualified* by the admission that *at least fifty dollars* was due, which, as we have said, opens the whole account, and permits the plaintiff to prove whatever balance he can to be due thereon.

*Note:*—The cases and authorities cited on the either side were 1st. Maryland cases:—2 *H. & J.*, 307, *Poe vs. Conway.* 1 *H. & G.*, 204, *Oliver vs. Gray.* 2 *G. & J.*, 64, *Rogers vs. Waters.* 2 *G. & J.*, 296, *Keplinger vs. Griffith.* 4 *G. & J.*, 509, *Frey vs. Kirk.* 5 *G. & J.*, 497, *Kent vs. Wilkinson.* 8 *G. & J.*, 133, *Sothoron vs. Hardy.* 10 *G. & J.*, 50, *Lamar vs. Manro.* 1 *Gill*, 172, *Duvall vs. Peach.* 4 *Gill*, 205, *Brookes vs. Chesley.* 6 *Gill*, 82, *Guy vs. Tams.* 7 *Gill*, 43, *Carter vs. Cross.* 7 *Gill*, 85, *Ellicott vs. Nichols.* 5 *Md. Rep.*, 376, *Mitchell vs. Sellman.* 8 *Md. Rep.*, 328, *Carroll vs. Ridgaway.* 8 *Md. Rep.*, 374, *Stockett vs. Sasscer.* 9 *Md. Rep.*, 52, *Peterson vs. Ellicott.* 10 *Md. Rep.*, 197, *Quynn vs. Carroll.* 2nd. Other authorities and cases:—2 *Greenlf's Ev.*, sec. 443. 8 *Johns.*, 407, *Bush vs. Barnard.* 15 *Johns.*, 511, *Sands vs. Gelston.* 9 *Sergt. & Rawle*, 128, *Fries vs. Boisselet.* 10 *Bing.*, 446, *Dabbs vs. Humphries.* 2 *Wash. C. C. Rep.*, 514, *Read vs. Wilkinson.* 28 *Verm.*, 771, *Steele vs. Towne.*

TUCK, J., delivered the opinion of this court.

The defendants' first exception presents the question, whether the evidence of Day was sufficient to remove the bar of the statute of limitations? Upon a careful re-examination of the cases so often reviewed in this court, we are of opinion that the point ought to have been decided with the defendants below.

What passed in the presence of witness, between Higdon and Stone, and the subsequent remarks of Higdon to Day himself, must be treated as portions of the same conversation or transaction; and, indeed, if taken separately, the result would not be different. Whether they were sufficient for

the purpose for which the evidence was offered by the plaintiff, must depend on the inquiry, did they amount to "an admission of a present subsisting debt?" of which character must be an acknowledgment, to take a case out of the statute. *Frey vs. Kirk*, 4 *G. & J.*, 509.

We consider this case as covered by the principle established, and over and over recognized in this court, that where the debtor makes an acknowledgment, accompanied by a qualification or declaration, which, if true, would exempt him from a moral obligation to pay, he will not be bound. *Oliver vs. Gray*, 1 *H. & G.*, 204. It appears that these parties had accounts for several years—Higdon acting as deputy sheriff for Stewart, making collections and performing other services, with no agreement as to his compensation, and no settlement, except that he had made payments for moneys collected. It is manifest that if they had disagreed, and Stewart had sued Higdon in his life time, the latter could have discharged himself only by proving the value of his services, and the payment of the sums for which he might claim credit. These would have been the basis of a set off or discount, and if the services happened to be barred by limitations, or he could not produce proof of their value, or of his payments, the case deprecated by the court in *Oliver vs. Gray*, would have arisen. Higdon would have bound himself, while his own declarations would not have revived his remedy against Stewart; and thus he might have been compelled to pay a claim on his own admission, when most clearly the case, as stated by himself, if true, would not entitle the plaintiff to recover. These views were expressed in *Mitchell vs. Sellman*, 5 *Md. Rep.*, 376, and *Lockes' Adm. vs. Sasscer*, 8. *Md. Rep.*, 374.

As we have said, the declaration or acknowledgment must be taken as a whole, and it cannot be disproved as to any part; offered by the plaintiff as his proof, he will not be allowed to adopt the admission and reject the qualification. The declarations indicate that Stewart had presented an account which Higdon deemed incorrect, for he said to Day, if he was to settle according to Stewart's ideas, he would owe

him a smart sum of money, and in the same interview he said he did not think he owed him any thing.  How an implied promise to pay a debt can be imputed to a man who says he does not think he owes any thing, it is difficult to perceive.  We suppose Higdon was willing to have had a fair settlement, but his remarks show what he considered proper elements of a fair settlement; there was much to do and he did it; he had carried prisoners to Baltimore, and he thought he was entitled to half the profits; he had paid money and had receipts for all his payments, except one hundred dollars; these, doubtless, he deemed fair demands by way of discount or set off, and if his pretensions were true, he was under no moral obligation to pay, unless they were allowed; and the law does not charge him by admissions that will not bind the other party, so as to prevent him from interposing defences which might not have been in the power of Higdon to meet.  If he had said the debt was once due but had been paid, it is clear that the admission would not have revived the remedy.  The qualification or accompanying declaration must be taken as true, and cannot be disproved by showing that he was mistaken in supposing it had been paid.  *Oliver vs. Gray,* 1 *H. & G.,* 219, 220. And so if had said he had a set off against it.  We think the meaning of this acknowledgment is, that the debt was discharged by payments and his claim for services rendered, which amounted to a denial of its existence at the time of the conversation.

But it is said his denial was not unqualified; that he admitted fifty dollars to be due, which opened the whole account between them.  It is true, that where a party admits his indebtedness generally, a promise to pay a particular sum need not be proved.  But here the admission is limited to a precise amount; is not the party offering the admission bound by the declaration as made?  He cannot disprove it by showing he owed more, nor can he segregate one part from the other. He said he did not think he owed any thing; again, that he did not think he owed him more than fifty dollars; which we take to mean this, that he thought he owed him nothing, but

if he owed any thing, it was not more than the sum stated. If we say that, under this loose conversation, the plaintiff may recover a thousand or more dollars, if the plaintiff can prove that much as originally due, would it not be turning the man's words into something that he did not say, by construing his admission, qualified as it was, into a promise to pay a much larger amount, which his other remarks clearly, as we think, show he deemed an unjust demand? It is of no consequence that he did not speak confidently of his owing nothing, but merely expressed his opinion. The plaintiff offers these opinions, and cannot discard them from consideration any more than the other parts of the conversation.

The second exception becomes unimportant, for as much as by it the defendants, upon all the proof, offered to submit themselves to a verdict for part of the demand, when, as we think, they were not liable at all, and we may pass it without further notice.

Upon the best reflection we have been able to bestow on the case, we take these views to be in accordance with the decisions of this court, and, as the evidence was not sufficient to remove the bar of the statute, a *procedendo* will not be ordered.

*Judgment reversed.*

(Decided March 27th, 1861.)