Cassels *vs.* Usry, Sturgis & Company.

---

William P. Cassels, trustee, plaintiff in error, *vs.* Usry, Sturgis & Company, defendants in error.

1. A letter written by the attorney of the plaintiff to the defendant is not competent evidence for the defendant, on the trial of the case, unless it is shown that it was written by authority of the client.

2. The granting of the new trial by the court below was not such an abuse of discretion as to demand a reversal of his judgment.

Attorney and client. Evidence. Principal and agent. New trial. Before Judge GIBSON. McDuffie Superior Court. March Term, 1873.

William P. Cassels, as trustee for Mary J. Cassels, brought complaint against Usry, Sturgis & Company upon the following account:

"1866 and 1867. *Usry, Sturgis & Company,*

*To W. P. Cassels, trustee for Mary J. Cassels*, DR.

"To the one-fourth of lumber sawed from logs on

his land by mill............................ .....$4,000 00."

The defendant pleaded the general issue, settlement, payment and set-off.

In the course of the trial, the defendants offered in evidence the following letter from H. C. Roney, of counsel for plaintiff, to Usry, one of the defendants:

"THOMSON, GEORGIA, February 23d, 1871.

"*Dear Usry:* Since more fully investigating the matter between yourself, Sturgis and Cassels, Cassels claims to have had a full settlement with Sam Neal up to December, 1866, and that all timber sawed in 1867 remains unpaid for, which amount he has Neal's own book to show how much was cut in that year, which he sums up to be two hundred and sixteen thousand eight hundred feet, deducting one-fourth, Cassels' share, which is fifty-four thousand two hundred. Besides showing this fact, he can also show the purchasers of this lumber, which shows conclusive as to the amount. Now, according to this calculation, you will perceive Cassels' share will be some $2,000 00. * * * Yours, etc.,

(Signed) " H. C. RONEY."

To this testimony the plaintiff objected. The objection was overruled and the evidence admitted.

The evidence was voluminous, and is omitted because it illustrates no principle of law.

Cassels *vs.* Usry, Sturgis & Company.

The jury found for the plaintiff $500 00.    The defendants moved for a new trial because of alleged error in the admission of the aforesaid letter, and because the verdict was contrary to the evidence.    The motion was sustained in the following judgment:

"After carefully examining the evidence in this case, I find none to sustain the verdict, except it be possibly the letter of plaintiff's attorney, written seemingly to secure a settlement of probable litigation.    Whilst this might possibly be construed to reduce the plaintiff's claim to that sum, I do not understand how it could create a liability on the part of defendants to pay that sum.    The motion for new trial is therefore sustained, and the verdict set aside, and a new trial ordered."

To which ruling defendants excepted.

H. C. RONEY; W. M. & M. P. REESE, by brief, for plaintiffs in error.

TOOMBS & DUBOSE; W. T. ONEAL, for defendant.

TRIPPE, Judge.

1. We cannot see any legal ground upon which the admission in evidence of the letter of Mr. Roney, counsel for plaintiff, can be put.    It was written before the suit was instituted. The plaintiff certainly could not have introduced it himself. For what purpose can defendant use it upon a trial of the case on its merits?    If it had contained an admission that the writer did not think the defendants owed his clients anything, it could not have been introduced against the client as evidence of such a fact.    Had it been shown that it was written by the direct authority or consent of the client, the question would be different.    But we do not think that a letter which an attorney may write to the opposite party, and that, too, before suit, and upon which no action on the part of that other party was claimed to have been taken, or any injury thereby accrued to him, can be used as evidence on the trial simply to prove or disprove facts on which the merits of the case rest.

2. As to the new trial which was granted by the court, we will not interfere. It appears pretty plainly from the record, that the jury gave the plaintiff a verdict for his interest in the lumber that was sawed after 1866—one-fourth of two hundred and sixteen thousand eight hundred feet. They refused to find for any portion of the lumber sawed previously. If this be so, there was the plea of the defendants that they had paid out for plaintiff the sum of $195 87 to Pollard, Cox & Company, and $85 37 to Wilcox & Gibbs. Sturgis, one of the defendants, testified that these payments were made in 1867. If, then, the verdict intended to allow the plaintiff only for lumber sawed in that year, it would seem that a credit or set-off for those amounts should have been given. We admit we cannot tell to our full satisfaction how the verdict was exactly reached, whether these items were passed upon or not. We are rather inclined to think they were not, and under the rule adopted not to interfere with a judgment granting a new trial on the ground that the verdict was not sustained by the evidence, or was against the weight of the evidence, unless it be a very strong case demanding it, we will not reverse the judgment allowing the new trial in this case. It may be added that we would have affirmed the judgment if the new trial had been refused; and just such a case frequently happens.

Judgment affirmed.