### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

##### OF

# MASSACHUSETTS.

---

JAMES A. PICKERT *vs.* CHARLES N. HAIR.
THOMAS PHILLIPS *vs.* SAME.

Worcester.    October 3, 4, 1887. — January 7, 1888.

Present : MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Evidence — Attorney — Admission.*

In an action by A. against a deputy sheriff for the conversion of goods, attached by him as the property of B., B. testified that the goods had belonged to his mother, who had sold them to A., and that he, B., was the general manager of the business in which the goods were used. There was also evidence that, immediately after the attachment, B. consulted C., a lawyer, who afterwards brought this action. The defendant offered to show that on the evening of the attachment C. called on the lawyer who brought the action on which the goods were attached, and said that B. represented to him that D. owned the goods. *Held*, that the evidence was inadmissible for the purpose either of contradicting B., or of showing an admission which was binding on A.

TWO ACTIONS OF TORT. The first case was for the conversion of certain articles of personal property, and the second case was for the conversion of a sum of money. The defendant, a deputy sheriff, justified in each case, by virtue of an attachment of the articles as the property of Rozel F. Pickert and Hattie E. Pickert.

The cases were tried together in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows :

In August, 1883, a shop was opened in Worcester for the sale of tea and coffee, inducements being advertised and offered to buyers, in the shape of prizes or gifts of more or less value, put up in the packages of tea and coffee. The name in which the business was conducted was the "Importers Tea Company." The manager of this shop was the plaintiff Phillips, and he had under him several clerks. The Importers Tea Company had been in existence under that name for several years, and had shops, for a few weeks or months at a time, in each of a large number of cities and towns all over the country, and there were several shops running at the same time that this one in Worcester was in operation. Rozel F. Pickert and his wife were indebted to certain New York merchants, who caused an attachment to be made by the defendant of the stock, &c. of the Importers Tea Company in Worcester, including money displayed in the shop window to attract attention, contending that the owners and proprietors of the Importers Tea Company were said Pickert and wife. The plaintiff James A. Pickert claimed to be the owner of the attached property, except $150, and to carry on, and to be the person doing business as, the said company. Thomas Phillips claimed the $150, not claimed by James A. Pickert, which was part of some $450 in bills, taken from the shop window.

Evidence for the plaintiffs tended to show that Rozel F. Pickert had organized this general business as the agent of his mother, and with his mother's funds, in 1879, and had always been the general manager of all the shops of the Importers Tea Company, conducting and directing the whole business until the spring of 1883, when his mother sold the business to his brother, James A. Pickert; and that thereafter said R. F. Pickert acted in the same capacity for his brother, who was living in Dakota on a farm, and, as such general manager conducting the business, established the Worcester store. Both R. F. Pickert and Thomas Phillips were witnesses, and testified to these facts, Pickert in detail, and Phillips in a general way, to the ownership by James A. Pickert, and to the general management by R. F. Pickert.

Evidence for the defendant tended to show that R. F. Pickert and his wife were the real owners of this business and property,

and that the sale to James A. Pickert was a pretended transfer, and was colorable only, and this issue was submitted to the jury.

Thomas Phillips, called by the plaintiffs as the first witness, testified that the attachment took place on September 6, 1883; that one Cleveland was left in the shop by the defendant, as a keeper; that he, Phillips, notified R. F. Pickert of the attachment, by telegram to Providence, Rhode Island, where he then was; that he came up the same day or evening, he thought; that they consulted together in the shop, in relation to the attachment; that he, Phillips, did not go to see counsel with Pickert, but he thought a clerk named Wilson was the person who went; that he did not remember clearly, but supposed, and had no doubt, that Pickert with Wilson did go to consult Mr. John R. Thayer. Cleveland, the keeper, testified that R. F. Pickert came up from Providence the afternoon of the attachment, and, after a conference with Phillips, which the witness did not overhear, said they would take counsel of Mr. Thayer, and, having failed to find him in his office, in the evening asked the witness where Mr. Thayer lived, and went where directed, to see Mr. Thayer, in a hack with Wilson.

The defendant called Mr. Henry Bacon, of the firm of lawyers who made the writs on which the attachments were made, and who had charge of the making of the same, and offered his testimony to show that, on the evening of September 6, Mr. Thayer, who in these cases throughout has been, since they were brought, the sole counsel for these plaintiffs, came to his (Bacon's) office, and said to him that R. F. Pickert represented to him that a certain party in New York, entirely other than James A. Pickert, and not now claimed to be the owner of the property at all, was the owner of the attached property; that he had come to state the fact because Pickert wanted to have him (Bacon) write to his clients in New York this fact, and that, if they would go to see the owner in New York, they would be satisfied, and relinquish the attachment, which communication Mr. Bacon at once made by letter. The name of the alleged owner in New York was given to Mr. Bacon. To the admission of this testimony the plaintiffs objected, and the judge excluded the evidence.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions.

*W. S. B. Hopkins*, for the defendant.

*J. R. Thayer*, for the plaintiffs.

FIELD, J.  It is contended that the evidence offered of what Mr. Thayer said to Mr. Bacon was competent for two purposes: first, to contradict R. F. Pickert, who had testified as a witness for the plaintiffs; and, secondly, as an admission made by Mr. Thayer as attorney for the plaintiffs in these actions, and therefore equivalent to an admission by the plaintiffs themselves.

As evidence to contradict the witness Pickert, it was not competent, because it was not testimony of anything R. F. Pickert said, but testimony of what Mr. Thayer said that he said.  For the same reason, if the evidence was offered for the purpose of showing that R. F. Pickert, as general manager of the business, made certain statements which are to be regarded as made by him, while acting for his principals within the scope of his employment, and in legal effect the same as if made by his principals, the testimony was not competent to prove that R. F. Pickert ever made the statements.  It is not necessary to determine whether evidence that Pickert made the statements to Mr. Thayer would be competent.  On the defendant's theory, they were statements made by one agent of the plaintiffs to another, and it is at least doubtful if they were within the scope of the authority given to R. F. Pickert.  It is only on the ground that there was evidence that Mr. Thayer, when he had the conversation with Mr. Bacon, was attorney for these plaintiffs, and adopted the alleged statements of Pickert to him as his own, that the argument of the defendant upon the competency of the admissions of an attorney at law against his client has any relevancy.

We think it very doubtful whether the evidence offered can be regarded as anything more than a statement by Mr. Thayer of what R. F. Pickert represented to him, and wished to have done; but if it be assumed that it contained any admission or representation by Mr. Thayer of the fact of ownership of the property, and if it also be assumed that there was evidence for the jury, that, at the time of the conversation with Mr. Bacon, Mr. Thayer had been retained as an attorney at law for these plaintiffs, for the purpose of obtaining a discharge of the attachment upon the property, still we think that the evidence was

incompetent, because the statement was one which an attorney at law is not authorized, by virtue of his employment, to make on behalf of his client. The present suits had not then been brought. The information which Mr. Thayer said he had received from R. F. Pickert was given to Mr. Bacon that it might be sent to Mr. Bacon's clients in New York, to induce them to investigate the truth of the statement, and, if satisfied of its truth, to discharge the attachment. The attachment was never discharged. The admission was not made by Mr. Thayer for the purpose of dispensing with any rule of practice, or with the proof of any fact in the trial of the action already brought, or of the actions which might be brought, in reference to the attached property. It was a conversation relating to a fact in controversy, but not an agreement relating to the management and trial of a suit, or an admission intended to influence the procedure in the pending action, or in any other, if the attachment was not discharged. *Saunders* v. *McCarthy*, 8 Allen, 42. *Lewis* v. *Sumner*, 13 Met. 269. *Treadway* v. *Sioux City & St. Paul Railroad*, 40 Iowa, 526. *Petch* v. *Lyon*, 9 Q. B. 147. *Wagstaff* v. *Wilson*, 4 B. & Ad. 339. *Moulton* v. *Bowker*, 115 Mass. 36. *Parkins* v. *Hawkshaw*, 2 Stark. 239. *Young* v. *Wright*, 1 Camp. 139. *Watson* v. *King*, 3 C. B. 608. *Hulin* v. *Richards*, 2 C. & K. 216. 1 Greenl. Ev. § 186. *Exceptions overruled.*