SKIPWITH WILMER, Trustee for JOHN I. MIDDLETON
and JOHN W. WILLIAMS, late Copartners, trading
as J. I. MIDDLETON & Co. *vs.* GEORGE R. GAITHER
and REBECCA H. GAITHER, his Wife.

*Joint Notes of Husband and Wife—Statute of Limitations—*
*Acknowledgment by Husband—Act of 1872, ch. 270—*
*Action barred by Limitations as to Wife—Judgment*
*against Husband.*

In an action against husband and wife on their joint promissory notes,
the wife is not precluded by partial payments made on the notes by
the husband, within the statutory period of limitation, without her
knowledge, from pleading the bar of the Statute.

The Act of 1872, ch. 270, confers a special and limited authority on a
married woman to be exercised by her only with the concurrence
and joinder of her husband, in the execution of the instruments
mentioned therein ; but there is nothing in the terms of the Act to
furnish any ground for holding that it was intended that the husband
should take any rights or authority over the property or contracts
of the wife more than he had previously possessed.

Where in an action under the Act of 1872, ch. 270, against husband
and wife on their joint promissory notes, they sever in pleading, and
each pleads, with other pleas, the Statute of Limitations as a bar to
the action, and this defence is successfully maintained by the wife
alone, she will be entitled to a separate judgment in her favor, while
the plaintiff may have a valid judgment against the husband alone.

A married woman who signs a promissory note jointly with her hus-
band, is by the Act of 1872, ch. 270, placed, in respect of that note,
in the same position as if she were a *féme sole ;* and the payee has the
same remedy against her that he would have against any other joint
maker, and may maintain an action upon it against her whenever he
could maintain such action against any one else.   Per MILLER and
ROBINSON, J.

APPEAL from the Superior Court of Baltimore City.

At the instance of the defendants, the Court (PHELPS, J.) instructed the jury, that upon the plea of limitations, their verdict must be for the defendants. The plaintiff appealed. The facts of the case are sufficiently stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and McSHERRY, J.

*Randolph Barton,* and *Skipwith Wilmer,* for the appellant.

*William S. Bryan, Jr.,* and *S. Teackle Wallis,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

In the argument of this case several questions of interest were discussed quite fully, but in the view we have of the principal question involved, it will be unnecessary for us to notice all the questions presented.

The action was brought against husband and wife upon two promissory notes made jointly by husband and wife, in 1879. More than three years had elapsed from the time the notes fell due to the time of bringing the suit, and the defendants severed in pleading, and each pleaded, with other pleas, the Statute of Limitations as a bar to the action. The plaintiff replied to the plea of limitations, that *the defendants did,* within three years next before the institution of the action, *undertake and promise in manner and form* as the plaintiff hath declared against them.

It is shown in proof that the notes sued on were given for the debts of the husband, and that the wife became surety. The husband made several payments on these notes within three years next succeeding the time when they became due, and the suit was instituted within less than three years from the date of the last of these pay-

ments. The payments were made by the husband alone, it not appearing that the wife had any knowledge of the fact that such payments had been made. And the question is, whether such part payments have the operation and can be used in evidence, to deprive the wife of the benefit of the defence taken by her, of the bar of the Statute of Limitations?

The common law disability of the wife still exists in this State, except in the special cases, and to the extent, that the Legislature by statute have thought proper to remove or qualify such disability. It is the Act of 1872, ch. 270, that is relied on by the plaintiff in this case, as having removed the disability of coverture, and fixed upon the wife all the liabilities of a *féme sole*, in respect to the notes in question. That Act provides, that "any married woman may be *sued jointly* with her husband, in any of the Courts of this State, on any note, bill of exchange, single bill, bond, contract, or agreement, which she may have *executed jointly* with her husband, and may employ counsel and defend such action or suit *separately*, or jointly with her husband, and judgments recovered in such cases shall be liens on the property of the defendants," &c.

In regard to the power to execute the notes, though as mere surety for the husband, there is no question; but the question is, whether the husband, by any separate, independent act of his own, can extend the liability of the wife, and deprive her of a lawful defence given her by statute, which she may plead separately from her husband? Suit may be brought jointly against husband and wife, but what avails the right of the wife, secured to her by the statute, to make a *separate defence*, if she is to be bound and concluded by every separate and independent act of the husband that may have the effect to bind him? Can it be supposed that the Legislature contemplated the right and power of the husband, by any separate, independent act of his own, after the execution of the note or obligation,

to continue in force, as against the wife, those instruments for an indefinite time, without the concurrence, and even against the will and consent of the wife? We think, clearly not. The only binding effect of the instruments authorized by the Act to be made, *as against the wife,* is that derived from the *joint act* of husband and wife in *executing them ;* and every note, bill, or other contract mentioned, must be taken to have been executed subject to the bar created by the Statute of Limitations. Therefore, to allow the husband, by any separate act of his own, to impart new or extended life and vitality to the instrument, to rescue or preserve it from the operation of the Statute, is simply imposing upon the wife an obligation not undertaken by her, nor authorized by the terms of the statute conferring upon her the power to make the instrument.

In this State, as in England, there must be shown to exist one of three things to take a case out of the operation of the Statute of Limitations: First, an admission or acknowledgment by the debtor of a *subsisting* debt, from which a promise to pay *may be implied ;* secondly, an unconditional promise to pay the debt; or, thirdly, a conditional promise to pay the debt, and evidence which shows that the condition has been performed or gratified.

As a general rule, the acknowledgment of the debt, as by the payment of part of the principal or interest due, by one of several joint debtors, made before the Statute has become a bar, will arrest the Statute, and prevent its becoming a bar to the debt, until after the lapse of the statutory period from the date of the new promise or acknowledgment. But it is otherwise, if such acknowledgment or promise be made after the Statute has run and become a bar to the debt. In such last mentioned case, the acknowledgment or promise will only be effectual as against the party making it, and not against the joint debtor. *Ellicott vs. Nichols,* 7 *Gill,* 96 ; *Newman vs. Mc-Comas,* 43 *Md.,* 82 ; *Schindell vs. Gates,* 46 *Md.,* 615. And

as to the force of an acknowledgment or admission of a subsisting debt, by partial payment or otherwise, it was said by this Court, in *Mitchell vs. Sellman*, 5 *Md.*, 376, 387, "The decisions in Maryland upon this question are reviewed in *Ellicott vs. Nichols*, 7 *Gill*, 96, the result of which is that there must be a promise, *express or implied*. It is not the mere acknowledgment of a subsisting debt which removes the bar. Where a debt is admitted to be due the law raises a promise to pay it; and it is this new promise, either made in express terms, or deduced from an acknowledgment, as a legal implication, which is to be regarded as re-animating the old promise, or as imparting vitality to the remedy." And the first case which states the principle upon which one joint debtor becomes bound by the acknowledgment or promise of another joint debtor, if made within the statutory period and before the debt has become actually barred, is the leading case of *Whitcomb vs. Whiting*, 2 *Dougl.*, 652; 1 *S. L. Cas.* (4th *Am.* ed.), 606. In that case, Lord MANSFIELD, in speaking of the effect of partial payments made by one of several joint debtors, said : "Payment by one is payment for all, *the one acting virtually as agent for the rest ;* and, in the same manner, an admission by one is an admission by all; *and the law raises the promise to pay, when the debt is admitted to be due."* This principle, and the authority of the case of *Whitcomb vs. Whiting,* have been fully recognized by this Court, in *Ellicott vs. Nichols*, 7 *Gill*, 105.

Now, upon the principle thus fully recognized and adopted, can it be successfully contended, that there was any implied power of agency vested in the husband by the wife, by the *joint act* of making the notes, under the special power conferred by the statute, whereby he was authorized, either by making partial payments, or other acknowledgments or promises, to bind the wife, and to preclude her from taking the benefit of a legal defence given her by law? We think not. For if he can extend

her liability on the notes beyond the period of limitations, by partial payments, he can do so just as effectually by a simple acknowledgment, or by an express promise, or a conditional promise, as he can by partial payments; as the promise may be either express or implied. And whatever may be the form of pleading in such cases, it is, after all, where the Statute is pleaded, the new promise, express or implied, upon which the recovery is really had; and this cannot be better illustrated than where a conditional promise is proved to remove the bar of the Statute. In such case, it is not only necessary for the plaintiff to prove the promise, but also that the condition has been fully gratified, to entitle him to recover.

The Act of 1872, ch. 270, would seem to leave no room for doubt on this subject. It was intended to confer a special and limited authority upon married women, and that authority was intended to be exercised only under the restriction imposed by the Act, namely, the concurrence and joinder of the husband with the wife, in the execution of the instruments mentioned. There is nothing in the terms of the Act to furnish the slightest ground for holding that the husband was intended to take any rights or authority over the property or contracts of the wife, more than he had previously possessed. The wife was not bound by his separate contracts or promises, either express or implied, and hence his acknowledgments or admissions, by partial payments on the notes, or otherwise, in no manner affected the rights of the wife.

Upon principles of the common law, which apply to this case, except as they have, by the express provisions of the statute, been modified, there can be no doubt that the acknowledgments or partial payments by the husband are wholly without effect, so far as the wife is concerned. In the case of *Pittam vs. Foster*, 1 *B. & Cr.*, 248, where suit was brought against husband and wife, and one Foster, on a joint promissory note made by Foster and the wife

before her marriage, and the Statute of Limitations was pleaded, it was held that a promise made by Foster, the joint debtor, after the marriage, was no answer to the plea of the Statute, by the other defendants. And this decision was placed upon the distinct ground that the promise by the joint debtor could not affect the wife, though she was originally bound by the note; the Court holding that the effect of such a promise, must necessarily be dependent on the situation and powers of the parties at the time when it was made; and that while it would be void as the promise of the wife because of her coverture, it would produce a variance, if treated as a promise of the husband; and, accordingly, the plaintiff was non-suited. 1 *Smith's L. Cas.*, (*4th ed.*,) 621.

Entertaining these views in regard to the plea of the Statute of Limitations interposed by the wife, we are of opinion that there was no error committed by the Court below, in refusing to grant the prayers offered by the plaintiff, and in granting that offered on the part of the *féme covert* defendant.

The defendants having severed in their defences, the plaintiff could have entered a *nolle prosequi* as to the wife, and proceeded to judgment as against the husband. *Minor vs. Mechanics' Bank*, 1 *Pet.*, 46. But not having done this, the action being joint and on a joint contract, the judgment was required to be joint also; and as judgment could not go against the wife, the verdict was properly directed to be for the defendants generally. *Max vs. Roberts*, 5 *B. & P.*, 554; *Bush vs. Stowell*, 71 *Penn. St.*, 208–210; 1 *Chitt. Plead.*, (*16th ed.*,) 50.

The judgment must be affirmed.

*Judgment affirmed.*

(Decided 6th January, 1888.)

Judge MILLER delivered the following dissenting opinion, in which Judge ROBINSON concurred:

In my opinion if a married woman signs a promissory note jointly with her husband, she is by the Act of 1872, ch. 270, placed, in respect to *that note*, in the same position as if she were a *fême sole ;* that the payee has the same remedy against her that he would have against any other joint maker, and may maintain an action upon it against her whenever he could maintain such action against any one else.

(Filed 6th January, 1888.)

A motion was made by the appellant on the 7th of January, 1888, to have the judgment in the foregoing case modified. The application was granted, and the following opinion of the Court was delivered by Chief Judge ALVEY:

Since the filing of the opinion in this case, the appellant has moved that the judgment be modified, so that he shall be at liberty to proceed against George R. Gaither, the husband, and obtain judgment against him alone, if, upon the proof, the plaintiff be entitled to such judgment. And, upon mature consideration, we are of opinion that this application should be granted.

As stated in the opinion filed, it is certainly true, as a well settled general principle, that in an action *ex contractu* against several joint debtors, the recovery must be had against all or none. But this general principle has its exceptions ; and we think, in view of the provision of the statute under which this action is brought, this case is fairly embraced within the principle of the exceptions to the general rule.

The statute of 1872, ch. 270, provides that the wife may be sued *jointly* with her husband, and may employ counsel and defend such action *separately,* or *jointly* with her husband. But it does not declare that, in order to bind the

husband, the judgment shall be rendered jointly against husband and wife. To give full force and effect to the provision of the statute which accords to the wife the right to defend separately, it would seem to be necessary that the liability of the wife and the husband should be separated, in the rendition of the judgment, where a good separate defence is made by the wife, notwithstanding the joint action and the joint terms of the contract. Suppose, for instance, the separate defence of the wife was fraud or duress in the execution of the contract. In such case, while the wife would be entitled to be discharged, upon proof of the defence, there could be no reason, upon that ground alone, for exonerating the husband.

The exceptions to the general rule we have stated would seem to be well established by authority, and where such exceptions apply, as where, in an action *ex contractu* against several, one or more of the defendants, by way of defence, plead or otherwise rely upon bankruptcy, infancy or coverture, the judgment may be had against some of the defendants, and in discharge of others. In such cases, the matter pleaded is purely personal to the defendant relying upon the defence, which admits the making of the contract as laid, but which shows either that the contract was not binding, by reason of some incapacity in the party making it, or that it has been discharged by a certificate of bankruptcy, *or other matter subsequent. Noke vs. Ingham,* 1 *Wils.,* 89. The bar, and consequent discharge, by operation of the Statute of Limitations, is purely a personal defence, and is quite analogous to the discharge under the bankrupt law.

In the case of *Tuttle vs. Cooper,* 10 *Pick.,* 281, the cases upon this subject are fully examined by Chief Justice SHAW; and while he maintained and applied the general rule in that case, he very clearly stated the exceptions to the rule, as established by the authorities. At page 291 of the volume referred to, he said: "Upon a review of all the

cases, we think there is no one which throws any doubt upon the rule of practice, that in an action upon contract, against two or more, the contract must be proved as laid, and that in a trial upon the general merits, the plaintiff cannot have a judgment against one or more, where all are not liable : That, however, there is an exception to this rule, established by the English precedents, and somewhat modified and extended by the American cases, that where a defence can be made by one or more of the defendants, either by plea or by proof on the trial, which admits the making of the original joint contract, but shows matter of personal exemption or discharge, whether such exemption arises from an incapacity to contract, as in case of coverture or infancy, or by matter of subsequent discharge, as in case of bankruptcy, but which leaves the other contracting parties liable to the performance of the contract, such party may have a separate judgment against the plaintiff, and the plaintiff may have a valid judgment against the other contracting parties." And to the same effect is the case of *Hartness vs. Thompson and others,* 5 *John.,* 160. In that case it was held, that where several were sued as upon a joint contract, and one of the defendants pleaded infancy, the plaintiff could either enter a *nolle prosequi* as to the infant, and proceed to judgment against the other defendants, or the jury, under the direction of the Court, might find a verdict for the infant defendant, and a verdict for the plaintiff against the other defendants in the action,—the plea of infancy being a matter of personal defence.

Such, then, being the law, the Court below, instead of directing the jury to find their verdict for both defendants on the plea of the Statute of Limitations, should have directed the jury to find, on that plea, for the wife alone. All the prayers on the part of the plaintiff contemplated and sought to obtain a joint verdict against both defendants, and they were for that, if for no other reason, prop-

erly rejected. We shall reverse the judgment and award a new trial, but it will be without costs as against Mrs. Gaither.

> *Judgment of affirmance stricken out, and judgment reversed, and new trial awarded, but without costs to the appellant as against the appellee, Mrs. Gaither.*

(Decided 3rd February, 1888.)