WILLIAM SCHROEDER, Admr.

*v.*

WILLIAM H. WOLF.

*Opinion filed April 18, 1907.*

1. ATTORNEY AND CLIENT—*attorney cannot compromise client's claim without express authority.* An attorney employed by the holder of a note and trust deed to begin foreclosure proceedings has no power, without express authority, to bind his client by a settlement of the suit.

2. MORTGAGES—*unreleased trust deed is notice to subsequent purchasers.* A trust deed duly recorded and not released is notice to subsequent purchasers, and the fact that the trustee, who was given possession of the note and trust deed to begin foreclosure proceedings, fraudulently marked them paid does not release the lien as against one who, without examining the record, purchased from such trustee another note and trust deed purporting to cover the property, but which, in fact, covered only the equity of redemption.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

MASON & WYMAN, for appellant.

J. G. GROSSBERG, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the circuit court of Cook county rendered in favor of appellee on a bill to foreclose a trust deed for $1200 executed by Thomas Cronin and wife on September 8, 1894. William Schroeder, as administrator of the estate of Anna Schroeder, interposed a defense which arises out of the following state of facts:

Appellee was the owner of a promissory note for $1200 executed by Thomas Cronin and secured by a trust deed on lot 23, in block 15, of Corwith's re-subdivision of certain property in Chicago. Charles C. Schumacher was named as trustee in the trust deed. On May 21, 1898, appellee brought the note and trust deed to Charles C. Schumacher and delivered them to him for the purpose of having a foreclosure commenced for the collection of his debt. Schumacher executed a receipt to appellee, as follows:

"Received of William H. Wolf papers of Thomas Cronin for $1200 to be foreclosed.                CHARLES C. SCHUMACHER."

About the first of August, 1898, Schumacher delivered the $1200 Cronin note, with three interest notes, and trust deeds securing the same, to George W. Hess, an attorney at law, with instructions to commence ejectment and foreclosure proceedings thereon, stating to Hess that the papers belonged to Maggie A. Horn. Ejectment and foreclosure proceedings were soon thereafter commenced against Cronin and wife. The ejectment suit came on for hearing first. Cronin and wife denied, under oath, the execution of the trust deed. The plaintiff's attorney claiming a surprise, leave was given to withdraw a juror, and the case was continued. Before either of the cases were again brought to trial negotiations were entered into for a settlement, and on February 15, 1899, Thomas Cronin and wife, Charles C. Schumacher, McAnrow, a lawyer representing the Cronins, and Hess, had a meeting, at which a compromise agreement was entered into by which Cronin was paid $75 in cash, and he and his wife executed a quit-claim deed to Maggie A. Horn conveying their equity of redemption to the premises in question. The deed contained the following clause: "The said grantors and grantee herein have settled and compromised all matters between them and release each other from all claims and demands." It was further stipulated that the ejectment and foreclosure pro-

ceedings should be dismissed without costs. The Cronin note and trust, deed were marked "paid" by Schumacher and filed away by him in his private vault but the trust deed was not released of record. The Cronin deed to Maggie A. Horn was duly recorded. On April 10, 1899, Maggie A. Horn executed a warranty deed conveying the equity of redemption to Frank M. Dimond. In this deed a mistake was made in the description of the block in which the property was located. It was described as being in block 5 instead of block 15. On January 7, 1902, Frank M. Dimond executed to Charles C. Schumacher, as trustee, a trust deed conveying said premises to secure a note for $1500 executed by Dimond, payable to himself and endorsed by him. John Schroeder, a son of Anna Schroeder, applied to Schumacher to purchase a mortgage. It appears that Anna Schroeder held Schumacher's note for $1400 for money which she had previously deposited with him. Schumacher informed John Schroeder that he had no mortgage at that time, but later told him that he had a $1500 mortgage which he could let his mother have, and thereupon Anna Schroeder, through her son, paid Schumacher $100 and delivered to him the $1400 note and received the Dimond note and mortgage. Maggie A. Horn and Frank M. Dimond were both employees in Schumacher's office, and neither of them ever had any beneficial interest in the premises in question or in either of the trust deeds thereon. These parties were merely used by Schumacher as a matter of convenience to accomplish his own fraudulent purposes.

It is apparent from the foregoing statement that the only controversy here is between the holders of the two trust deeds. It also seems clear to us that since appellee's trust deed was duly recorded, it must be held that all subsequent conveyances of said premises are affected with notice of appellee's trust deed. This trust deed had never been released of record, and anyone examining the recorded

title to the lot·thereby conveyed would find the unreleased trust deed given to secure the $1200 note. Wolf has never received payment of this note and has been guilty of no act that will estop him from asserting his rights under the trust deed. Appellant's intestate purchased the note and trust deed made by Dimond without any examination of the records whatever, relying solely upon the honor and integrity of Schumacher. The conveyance by Cronin to Maggie A. Horn, and her conveyance to Dimond, only had the effect of transferring Cronin's equity of redemption. Neither Schumacher as agent nor Hess as attorney for appellee had any express or implied authority to compromise and settle appellee's claim against the Cronins without his consent. The act of Schumacher in marking the notes and trust deeds "paid" could not operate as a release of the note or the trust deeds. In *McClintock* v. *Helberg,* 168 Ill. 384, this court held that an attorney has no power, without express authority, to bind his client by a compromise of a pending suit or other matter entrusted to his care. He has no power to assign or sell a claim or judgment of his client without special authority.

All the questions arising in this record are properly disposed of by the Appellate Court under the authority cited. The equities are clearly with the appellee. Appellant's loss is a result of misplaced confidence in Schumacher. We see no reason why appellee should suffer because·Schumacher has swindled appellant's intestate.

The decree of the circuit court and the judgment of the Appellate Court affirming the same are free from error and are accordingly affirmed.        *Judgment affirmed.*