CHICAGO—FIRST DISTRICT—DECEMBER, 1927. 569

Whitney v. George E. Corbett Boiler & Tank Co., 246 Ill. App. 569.

## Charles T. Whitney, Appellee, v. George E. Corbett Boiler & Tank Company, Appellant.

### Gen. No. 31,885.

ATTORNEY AND CLIENT—*admissions of attorney not binding on client.*
Evidence of admissions and statements of an attorney during a conversation in regard to an employee's claim against his client that the client was liable and would pay the claim is inadmissible in the employee's action against the client on the claim.

Appeal by defendant from the Municipal Court of Chicago; the Hon. CHARLES F. MCKINLEY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed December 12, 1927.

SIDNEY S. POLLACK and W. G. LESEMANN, for appellant.

FREDERICK A. BROWN, for appellee; WM. G. WORTHEY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover $1,113.57 which he claimed was due him for services performed for the defendant. There was a verdict and judgment in his favor for the amount of his claim, and the defendant appeals.

The undisputed evidence shows that plaintiff was employed by the defendant to render services for it, covering a considerable period of time; that from about November 20, 1922, until May 28, 1923, he performed services for the defendant in securing contracts, and plaintiff's position is that during this period he was to be paid 3 per cent of the amount of the contracts obtained by him; that he was to draw $50 a week, which should be charged against his commission; that this was the express agreement entered into between him and the defendant; that during this

period he secured contracts for the defendant amounting to $83,952.64, and after deducting the payments he had received there was a balance due him of $1,113.57. On the other hand, the defendant's position was that plaintiff was employed at a salary of $50 a week and that he had been paid this in full.

On the trial plaintiff offered evidence tending to sustain his contention, and evidence was offered on behalf of the defendant tending to sustain its contention.

Practically the only point in controversy was as to the term of plaintiff's employment—whether he was to receive a commission or a weekly salary as above stated. Since we have reached the conclusion that there must be a re-trial of the case, we refrain from discussing the evidence, but it is sufficient to say that the evidence on the vital point in the case was in direct conflict. Plaintiff's deposition was read on the trial and in it he testified, among other things, that in December, 1923, at the request of P. A. Corbett, the then president of the defendant company, he went to see W. G. Lesemann, the defendant's attorney, at the latter's office; that "I was sent there to make up a statement as to my best recollection trying to place the responsibility for their negligence in handling the St. Louis job"; that after conferring with Lesemann the statement concerning the St. Louis job was prepared and he was requested by Lesemann to sign it, which he refused to do unless the defendant would give him its note for the amount it owed him (being the amount claimed in the instant case); that Lesemann then stated in substance that if plaintiff brought suit against the defendant it would be thrown into bankruptcy; that Lesemann then said that plaintiff had a clear case against the defendant, but that he should wait a year and he would be paid; that plaintiff then stated he would wait the year and thereupon signed the statement concerning the St. Louis job.

Plaintiff also called as a witness William G. Worthey, an attorney at law, employed by counsel for plaintiff. He testified that on May 19, 1925, he wrote the defendant advising it that plaintiff had placed in their hands for collection his claim amounting to $1,113.57, with instructions to bring suit unless the matter was adjusted at once; that a few days later he was called up by defendant's president, P. A. Corbett, "and he told me to take this matter up with Mr. Lesemann"; that afterwards the witness went to Lesemann's office and there was a discussion between himself and Lesemann, the substance of which was that Lesemann stated the defendant was financially involved, requested that plaintiff's claim be not pressed and stated that "they would pay Whitney's claim last."

The defendant contends that the testimony given by Whitney and Worthey, above referred to, was improperly admitted over his objection; that the statements testified to as having been made by the defendant's attorney, Lesemann, were inadmissible. We think this contention must be sustained. The admissions and statements testified to as made by the defendant's counsel were mere matters of conversation and although they related to a fact in controversy they were not admissible in evidence against the defendant. Section 260, Vol. 1, Jones on Evidence; section 1063, 2 Wigmore on Evidence (2nd Ed.); section 186, Vol. 1, Greenleaf on Evidence (13th Ed.); *McClintock v. Helberg*, 168 Ill. 384; *Schroeder v. Wolf*, 227 Ill. 133; *Saunders v. McCarthy*, 8 Allen (Mass.) 42, 43; *Pickert v. Hair*, 146 Mass. 1; *Loomis v. New York, N. H. & H. R. Co.*, 159 Mass. 39.

In Vol. 1 Jones on Evidence, the author says, section 260: "Statements of an attorney during a conversation held for the purpose of settling a controversy are not admissible."

In Wigmore on Evidence the author says: "In the first place, an *attorney* is not a person whose admis-

572    Appellate Courts of Illinois.

Whitney v. George E. Corbett Boiler & Tank Co., 246 Ill. App. 569.

sions may be used against the party-client, except so far as concerns the *management of the litigation;* and this principle applies equally to the quasi-admissions here concerned and to the solemn admissions already discriminated. \* \* \* The reason for this limitation is that the attorney's admissions can affect his client so far only as he has authority to act as agent in his client's place. \* \* \* That authority, so far as it is to be implied from the mere general appointment as attorney, and has not been enlarged in the particular case, extends only to the management of the cause.''

In Greenleaf on Evidence, after adverting to admissions of attorneys of record as being binding upon their clients, the author says: ''But other admissions which are mere matters of conversation with an at͵torney, though they relate to the facts in the controversy, cannot be received in evidence against his client.'' (Sec. 186.) In the *McClintock* case our Supreme Court held that an attorney by reason of his employment as such had no authority to compromise a pending suit on behalf of his client; that this could not be done unless he had special authority. The court there said (p. 392): ''He cannot bind his client by any act, which amounts to a surrender, in whole or in part, of any substantial right.'' In the *Schroeder* case the Supreme Court of this State said (p. 136): ''In *McClintock v. Helberg,* 168 Ill. 384, this court held that an attorney has no power, without express authority, to bind his client by compromise of a pending suit or other matter entrusted to his care.''

In *Saunders v. McCarthy, supra,* it is said (p. 44): ''The defendant also offered to prove that, at one time when he met the plaintiff's counsel for the purpose of settling the matter of the suit and of ascertaining the amount which the plaintiff had received,'' the counsel made certain admissions, but this evidence was rejected. In holding that this evidence was inadmissible

the court said (p. 45): "The second question relates to the admissibility in evidence of certain admissions alleged to have been made by the plaintiff's attorney. * * * The admissions in this case were mere matters of conversation and though they relate to the facts in controversy, they cannot be received in evidence against the plaintiff. The attorney was not the agent of his client to make such admissions. 1 Greenl. on Evidence, Sec. 186." And to the same effect are the other two cases cited from Massachusetts.

In the instant case the testimony of plaintiff and of Worthey as to the admissions made by counsel for the defendant were mere matters of conversation, and although they related to a fact in controversy they cannot be received in evidence against plaintiff under the authorities cited, and we have found none to the contrary. We are therefore of the opinion that it was error to admit the testimony over defendant's objection, and since the evidence on the vital point in the case was in sharp conflict, we are unable to say that the ruling did not prejudicially affect the defendant.

But counsel for plaintiff say as to the testimony of Whitney, that "Objections to the testimony should have been made while taking the depositions." This is all that is said on the subject and no authorities are cited. The record discloses that Whitney's deposition was taken a considerable time prior to the trial of the case. But the objection urged by the defendant to the admissibility of this testimony went to its competency and this question can be raised on the trial. *Illinois Cent. R. Co. v. Panebiango,* 227 Ill. 170.

The judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.