JOHN G. FRITCHEY, Assignee of THEODORE L. FRITCHEY *vs.* JOSHUA BOSLEY and JOSHUA N. BOSLEY.

*Attorney and Client—Power of attorney to Release a judgment considered—Quashing an execution.*

It is well settled in this State that an attorney as such, has no power to compromise claims placed in his hands for collection, or in respect to which he may be employed to recover judgment. He can take nothing in satisfaction of the claim or judgment except money, nor can he receive a less sum than is really due thereon, without the *express* authority of his client obtained for the purpose. And if he assume to act without such express authority, his acts in making the compromise, or agreeing to take a less sum in satisfaction than is really due, will not bind the client unless the latter,

Fritchey *vs.* Bosley.

with full knowledge of all the facts, has ratified what has been done by the attorney; though such ratification may be inferred from acquiescence, and from the facts and circumstances of the case.

The attorneys of record for a judgment creditor, professing to act for and in his behalf, filed in the cause an order directing the clerk of the Court to enter of record a release from the operation and effect of the judgment, of certain land which belonged to B., one of the judgment debtors, and was bound by the judgment; and which had been sold and conveyed by B. to W. This release was entered in pursuance of an agreement with B. and W., by which the larger part of the purchase money paid by W. for the land was paid over to the attorneys to be applied to the payment of the judgment. Subsequently another attorney entered his appearance for the judgment creditor, and directed a *fi. fa.*, to issue on the judgment. Execution was issued accordingly, but without any credit being given for the said payment, and the land purchased by W. was seized under the execution, that being the only property taken. Upon a motion to quash the execution, it was HELD:

That the proof offered in support of the motion showed an express authority given by the client to the attorneys to enter the release of the land from the lien of the judgment, or that their action in the premises had been ratified by their client with knowledge of all the facts; and that upon this state of case the Court could not do otherwise than quash the execution and all that had been done under it.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY and IRVING, J.

*Wm. P. Maulsby,* for the appellant.

*Wm. M. Merrick,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

The judgment was recovered by T. L. Fritchey against Joshua Bosley and Joshua N. Bosley, on the 3rd of Octo-

ber, 1873, for $6000, and which judgment was assigned, on the 31st of December, 1873, to John G. Fritchey.

On the 3rd of November, 1874, four attorneys entered their appearance for the assignee of the judgment, and directed execution to issue, and which was accordingly issued and placed into the hands of the sheriff. Under this execution, the sheriff seized and sold certain personal property of Joshua Bosley, one of the defendants in the judgment, and realized therefrom the sum of $781.41, and made return accordingly.

On the 11th of December, 1874, the attorneys, whose appearance had been entered for the assignee, professing to act for and in his behalf, filed in the cause an order directing the clerk of the Court to enter of record a release from the operation and effect of the judgment, of certain land, which belonged to Joshua N. Bosley, and was bound by the judgment; and which land had been sold and conveyed by Bosley and wife to Henry Warner. This release was entered in pursuance of an agreement with Bosley and Warner, by which the sum of $2000, much the larger part of the purchase money paid by Warner for the land, was paid over to the attorneys, or one of them, to be applied to the payment of the judgment. After this, the judgment was allowed to stand until the 4th of February, 1879, when another attorney entered his appearance for the assignee of the judgment, and directed a *fi. fa.* to issue thereon. Upon this last execution credit for the sum of $781.41, the amount made by the sale of the personal property under the first execution, was entered; but there was no credit entered for the $2000, received of the purchase money paid by Warner; and the land sold and conveyed to the latter by Joshua N. Bosley and wife was levied upon and seized by the sheriff under this last execution. There was no other property levied on, and the sheriff made return of the execution and his levy thereunder to the Court; the land being appraised at $2700.

Fritchey *vs.* Bosley.

Whereupon, David Bosley, who had become the owner of the land, came into Court and moved to quash the execution, and assigned various reasons in support of the motion; among which were, that the writ had irregularly and improperly issued; that the land levied on had been released from the operation and effect of the judgment, by the assignee thereof; and that the assignee had received the consideration for the release of the land from the operation of the judgment.

At the trial of the motion there was proof produced, and the Court having sustained the motion to quash, the case is presented to this Court on a bill of exception taken by the assignee of the judgment.

The whole question presented is one of authority in the attorneys to enter the release of the land from the operation of the judgment.

It is well settled in this State, that an attorney as such has no power to compromise claims placed in his hands for collection, or in respect to which he may be employed to recover judgment. He can take nothing in satisfaction of the claim or judgment except money, nor can he receive a less sum than is really due thereon, without the *express* authority of his client obtained for the purpose; and if he assume to act without such express authority, his acts, in making the compromise, or agreeing to take a less sum in satisfaction than is really due, will not bind the client, unless the latter, with full knowledge of all the facts, has ratified what has been done by the attorney; though such ratification may be inferred from acquiescence, and from the facts and circumstances of the case. These propositions are plainly laid down by this Court in the case of *Maddox vs. Bevan*, 39 *Md.*, 485; and from them it would appear clearly to follow that an attorney, under the ordinary employment to collect a claim by suit, or by suing out execution on judgment recovered, cannot release or postpone the lien on the lands of the debtor,

created by the judgment. And no belief on the part of the attorney, however honestly entertained, that the release or postponement would be for the benefit of the client, can supply the defect of authority to make such arrangement with the debtor, or others dealing with the debtor's property. *Wilson, et al. vs. Jennings, et al.,* 3 *Ohio St.,* 528.

Such being the case upon the general employment or retainer of the attorney for the prosecution or collection of claims, the next inquiry is, was there express authority given by the client to the attorneys to enter the release of the land from the lien of the judgment? Or has their action in the premises been ratified by their client with knowledge of all the facts?

Mr. Reifsnider, one of the attorneys appearing for the assignee of the judgment, and who, with his associates, directed the release to be entered of record, swears positively that he and the other attorneys acting with him were fully authorized by their client to make the arrangement and to enter the release, upon being fully advised of the reasons for such action. He swears that this authority was full and complete, and that it was contained in a letter from his client to himself, the witness, and that the letter has been lost or misplaced. He says, moreover, that after the entry of the release, and the client had been fully informed of all that had been done, and after the transmission of the money to him that had been received under the arrangement, the appellant not only fully recognized and approved what had been done, but acknowledged the receipt of the $2000 sent him by draft, according to previous direction. And this evidence is strongly fortified by statements and allusions appearing in the correspondence of the appellant with his attorney upon the subject of the judgment against the Bosleys. To overcome the force of this direct and positive evidence, the appellant filed his own affidavit,

Fritchey *vs.* Bosley.

which was agreed to be accepted as evidence, in which he flatly denies that he ever gave any authority to Messrs. Smith and Reifsnider, or to either of them, to enter the release of the lien of the judgment in question. But he gives no explanation of the circumstances referred to by Reifsnider, or of what appears in the correspondence with that gentleman, and does not deny that he received the $2000, and makes no reference to the fact; and that he did receive the money is a fact that admits of no doubt. Nor does he offer any explanation whatever why the $2000 received by him were not credited upon the last execution issued on the judgment. This naked denial, without any explanation or reference whatever to the other facts of the case, could not be regarded as sufficient to overcome the evidence of either the precedent express authority for, or the subsequent approval and adoption of, the act of entering the release of the land from the operation of the judgment. Upon this state of case, the Court below could not have done otherwise than quash the execution and all that had been done under it; and having done so, we must affirm its judgment.

*Judgment quashing execution*
*affirmed, with costs to appellee.*

(Decided 18th March, 1881.)