# THE MARYLAND, DELAWARE AND VIRGINIA RAILWAY COMPANY.

## *vs.*

## ROBERT JOHNSON.

*Court docket: correction of—power of judge.  Open court:
what is—; recess.  Appeals: premature; dismissal.*

An appeal in an action at law that is taken before final judgment is premature, and a motion to dismiss should prevail.

p. 414

To make the record speak the truth and conform to the facts of the case is a common law power, and is incident to all courts of record, and is essential to their efficient existence; this power may be exercised at any time, even after the record has been transmitted on appeal to a superior court and while the appeal is pending.                                    p. 416

But in the exercise of such power the court is authorized to make only such corrections as will make the record conform to the actual facts that occurred in the progress of the cause.

p. 416

It can not so change the record as to make it inconsistent with the facts or make it state what is not true.          p. 416

An open court contemplates the presence of a Judge, and the clerk of the court or a duly qualified deputy; the regular opening and closing of the court and the presence of the clerk's docket, upon which should be entered, under the eye of the court, the successive steps taken in open court in each case.

p. 417

Such steps as the statutes or established practice may allow to be taken in recess should be evidenced by written orders of the court upon the docket by an appropriate entry at the time.

p. 417

MD., DEL. & VA. RWY. CO. vs. JOHNSON. 413

Md.]                              Syllabus.

By the docket entries in the record it appeared on appeal that a motion for a new trial had been made by the defendant on the 12th day of April; the defendant had entered an appeal to the Court of Appeals on the 27th of the same month; that the judgment on verdict was made absolute in favor of the plaintiff on May 2nd; on the 24th of April the Judge who had heard the case, while sitting in another court engaged in the trial of another case, without the presence of the clerk or deputy clerk of the court in which the case was tried, and without that court's docket, without notifying the clerk until several days subsequent thereto, and without any written order or verbal order in open court, overruled the motion for a new trial: *Held,* that the certificate of the court stating such facts was not sufficient justification for altering the docket entries so as to have it appear that the motion for a new trial was overruled on the said 24th day of April.                    pp. 416-417

*Decided December 13th, 1916.*

Appeal from the Baltimore City Court.   (Duffy, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Ralph Robinson,* for the appellant.

*James J. Lindsay* and *Eugene J. Cronin,* for the appellee.

Pattison, J., delivered the opinion of the Court.

There is in this case a motion to dismiss the appeal.   The docket entries as disclosed by the Record when it first reached this Court, June 14, 1916, were as follows:

"11 April, 1916—Verdict in favor of the Plaintiff for sum of $500.

"11 April, 1916—Judgment on Verdict '*nisi.*'

"12 April, 1916—Motion by the Defendant for a new trial.

"Defendants' order for appeal to the Court of Appeals of Maryland filed 27 day of April, 1916.

"2nd May, 1916—Motion by the Defendant for a new trial overruled.

"2nd May, 1916—Judgment on Verdict Absolute in favor of the Plaintiff for the sum of $500 with interest from the 11th day of April, 1916, and costs."

On September 25, 1916, the motion to dismiss the appeal was filed; the ground of the motion being that the appeal was taken while the motion for a new trial was still pending and before any final judgment was entered in the case.

The right of appeal to this Court is conferred by statute, (Article 5, section 2), which provides that "from any judgment or determination of any Court of law in any civil suit or action, * * * any party may appeal to the Court of Appeals."

The docket entries, as stated above, show that the appeal was taken on the 27th of April, five days before the judgment was entered and that at the time it was taken there was no judgment or determination of the Court below from which an appeal could have been taken to this Court. If this is a correct statement of the facts the appeal was prematurely taken and the motion to dismiss the appeal should prevail. *Hayman* v. *Lambden,* 97 Md. 33; *Peoples* v. *Ault,* 117 Md. 631; *Ely* v. *Springfield State Hospital,* No. 41 of the January (1916) docket of this Court.*

It is, however, contended by the appellant that such entries do not conform to the facts of the case as to the time when the motion for a new trial was overruled and judgment entered, and to correct such alleged errors in the docket entries, the appellant on the 29th day of September, 1916, filed its petition in the lower Court alleging that its motion for a new trial was overruled on April 24th, three days before the appeal was taken and that thereafter upon the same day the judgment should have been entered.

---

*This case was dismissed and therefore not reported.—(REP.)

MD., DEL. & VA. RWY. CO. *vs.* JOHNSON. 415

The appellee filed his answer denying the facts alleged in the petition and asked that the petition be not received. The Court heard the petition and answer and ordered that the entries of May 2, 1916, be stricken out and that the original docket entries be modified and changed so as to read as follows:

"24th April, 1916—Motion by the Defendant for a new trial 'overruled.'

"24th April, 1916—Judgment on Verdict Absolute, in favor of the Plaintiff for the sum of $500.00, the sum found by the Jury, with interest from the 11th day of April, 1916, and costs of suit."

But in changing the entries the Court made the following statement which becomes a part of the Record under a writ of diminution thereafter granted by this Court: "Upon hearing of petition filed the 29th of September in this proceeding the Court finds that on the 11th of April the verdict was rendered in this case; that on the 12th a motion for a new trial was made, and was heard on April 15th, that the proposition was then made that the verdict be reduced to $300, that there be a remittance by the plaintiff to that extent, and that the defendant abandon his appeal and pay the judgment: that the plaintiff assented in open court; that the defendant asked time to consult his client, which was allowed; that on the 24th of April, while I was engaged in the trial of criminal cases, in accordance with the understanding theretofore had, counsel for the defendant appeared in Court and announced to me that he declined to pay the judgment of $300 and that he would stand on his right to appeal, whereupon I announced that I would overrule the motion. The clerk of the City Court (the Court in which the case had been tried) was not present in the Court room at the time, nor was his docket before me, nor was the counsel for the plaintiff present. I did not see the clerk of the City Court until the 2nd of May, at which time I notified him that the motion for a new trial was overruled, whereupon he made the appropriate entry. Under these circumstances I will now order

416 MD., DEL. & VA. RWY. CO. vs. JOHNSON.

Opinion of the Court.                    [129

that the clerk correct the Record by entering the motion for a new trial overruled on the 24th day of April, 1916."

The question that we are now to consider is whether the changes so made in the docket entries were rightfully made. If they were not so made the appeal was, as we have said, prematurely taken, and will have to be dismissed.

In the case of *Greff* v. *Fickey,* 30 Md. 77, our predecessors said: "If he (the judge) is satisfied either from his own knowledge of what had actually occurred in the progress of the cause, or from evidence adduced, that the docket entries made by the clerk were erroneous and incomplete, it was within his power, and his plain duty, to have them corrected, so that a full, *true* and perfect transcript of the whole proceedings as they actually occurred in the progress of the cause might be sent up in obedience to the writ."

To make the Record speak the truth and conform to the facts is a common law power, and is incident to all courts of record, and essential to their efficient existence. This power may be exercised at any time, even if the Record has been transmitted on appeal to a superior court and the appeal is there pending. *Hays* v. *P., W. & B. R. R. Co.,* 99th Md. 420; 17th *Enc. Pl. and Pr.,* 922; *Waters* v. *Engle,* 53 Md. 179. But in the exercise of such power the Court is authorized to make only such corrections as will make the record conform to the actual facts occurring in the progress of the cause, or in other words, make the Record speak the truth. It cannot so change the Record as to make it inconsistent with the facts, or make it state what is not true. The Record in this case, in the statement of the learned judge below, found in the diminution Record, furnishes us with facts upon which we may determine whether the changes made by him in the docket entries did or did not make the Record speak the truth or conform to the actual facts of the case. In his statement he informs us in detail of his interview with the appellant's counsel on April 24th, stating the time, place and circumstances under which it occurred. He

in his ruling upon the petition of the appellant, regarded what was then said and done as overruling, at such time, the motion for a new trial, with authority to the clerk to so enter it "overruled" upon his docket as of that day; in this we think he was in error. The learned judge was not at such time sitting in the Court in which the case had been tried; the clerk was not present with his docket, and was not even notified of the action of the Court upon the motion until the second day of May following. There was no written order of the Court passed and filed with the clerk on the 24th of April, nor was there any verbal direction of the Court given in open Court on that day to the clerk to make such entry on the docket.

As we said in *Hays* v. *P., W. & B. R. R. Co., supra*: "An open Court contemplates the presence of the judge and the clerk of Court, or a duly qualified deputy, the regular opening and closing of the Court, and the presence of the clerk's docket, upon which should be entered, under the eye of the Court, the successive steps taken in open Court in each case. Such steps as the statutes or established practice may allow to be taken in recess, should be evidenced by a written order of Court noted upon the docket by an appropriate entry at the time." From the admitted facts contained in the Record including the statement of the Court, there was no action of the Court on the 24th of April upon the motion for a new trial that was authorized to be or should have been entered upon the Record as of that date. Therefore, the subsequent directions of the Court to the clerk, contained in the diminution Record, to strike out the entry of May 2nd overruling the motion for a new trial and to enter such ruling upon the docket as of April 24th did not correct the Record so as to make it conform with the actual facts or make it speak the truth, but in legal effect made it state as facts that which did not occur. It, therefore, follows that the motion to dismiss the appeal must prevail.

*Appeal dismissed, with costs to the appellee.*