## POSKO ET UX. *v.* CLIMATIC CONTROL CORPORATION

[No. 44, October Term, 1951.]

*Decided December 7, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Bernard M. Goldstein,* with whom was *Henry Miller* on the brief, for the appellants.

*Rignal W. Baldwin,* with whom were *William D. Mac-millan, Jr.,* and *Semmes, Bowen & Semmes* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for $5,985.60, ($5,568.-00 with interest) entered upon a verdict of the trial

court, sitting without a jury, based upon an alleged settlement agreement between the parties. The appellants contend that there was no legally sufficient evidence to support the court's finding and that it was clearly erroneous.

By written contract dated September 30, 1947, Climatic agreed to install certain air conditioning and ventilation equipment in premises owned and operated by the Poskos at 6700 German Hill Road, Baltimore, for the total sum of $7,318. Climatic installed the air conditioning equipment but failed to complete the contract by installing the proper exhaust system. Climatic claimed that its failure to install was due to a failure of the architect to locate the vents upon the plans until after the walls were closed. At a conference on January 11, 1949, attended by the architect and the attorneys for the parties, a tentative adjustment was agreed upon, but the appellants refused to go through with it, discharged their attorney, Mr. Jackson, and employed another attorney, Mr. Kolodny.

Suit was filed on March 18, 1949 upon two common counts and a special count upon the contract, to which pleas were filed, as well as a replication and rejoinder. On March 24, 1950, an amended declaration was filed, including the two common counts, omitting the count on the contract, and setting up in count three the alleged settlement made with Mr. Jackson, and in count four an alleged settlement made with Mr. Kolodny on November 9, 1949. General issue pleas were filed, and in response to a demand for particulars the defendants, through Mr. Kolodny, filed an answer to the effect that the plaintiff had breached its original contract, that the units installed never worked properly, and that the plaintiff had refused to remove them on demand. These particulars, of course, related only to the first and second counts. When the case came on for trial the court found for the defendants on the first three counts, but for the plaintiff on the fourth count. The appellants, on this appeal, are represented by new counsel.

The only evidence of the settlement alleged in the fourth count consisted of stipulations or admissions made in open court by Mr. Kolodny. The colloquy was as follows: "(Mr. Kolodny) * * * I want to state to the court there were negotiations between Mr. Baldwin and myself, relative to the possible settlement, or, shall we say, for settlement of this claim; that we had several conversations, and, at long last, we did come to a point at which I said to Mr. Baldwin, 'prepare the releases and Order of Satisfaction'—I believe that is correct—and it was at a figure—will you quote the figure? (Mr. Baldwin) I will agree that is part of what was said and done, and stipulate, actually, as far as you have gone. (Mr. Kolodny) As a result I said, 'This is it, gentlemen, send me the releases and Order of Satisfaction'; after which I communicated with my clients and, in order to be accurate, my clients, at the time, were notified to raise the funds necessary to settle this case. I then called Mr. Baldwin and gave him that information, I believe, verbally, and also by letter, and I think that is the way the matter stood until this case was reopened, after being on the trial docket for so long, and that is the position we found ourselves in as to that. I thought I would tell it rather than have Mr. Baldwin putting me on the stand and going through a lot of unnecessary detail. (Mr. Baldwin) He has stipulated about three-fourths of what I would ask him to stipulate. If he would stipulate to the other things that would be our entire proof under the fourth count. (Mr. Kolodny) I may object even if I do agree. Ask me. If it is our understanding, I will be glad to agree to it. (Mr. Baldwin) Will you stipulate this: that in November, 1949, you were attorney of record in this case? (Mr. Kolodny) That I was. (Mr. Baldwin) And that, after correspondence with me and several telephone calls, you advised me on October 28, 1949, on which date I offered, on behalf of Climatic Control Corporation, to take off $1,500 for immediate payment; that you would advise me by Wednesday, after conferring with your clients. (Mr.

Kolodny) That is correct. (Mr. Baldwin) I am reading from my notes. (Mr. Kolodny) Up to that point, that is correct. (Mr. Baldwin) Then, would you agree and stipulate further, following that date of October 28th, and with some funds reportedly in hand, you came to my office and said, 'No, they would not pay on taking merely $1,500 off, but they would take $2,000 off and pay me the difference if Climatic Control Corporation would accept $2,000.' (Mr. Kolodny) They may not be the exact words, but that was approximately right. (Mr. Baldwin) I am only going through the settlement negotiations because they arrive at a final answer. Did I not then call you back that same day, I told you that day $1,500 was the limit of my authority, and I had conferred with my client and the furthest they would go would be to split the difference between $1,500 and $2,000 and deduct $1,750 and that would make $5,568.00 to be paid in cash, with Climatic Control Corporation having no obligation as to any further installation or work, or other conditions? (Mr. Kolodny) Mr. Baldwin, that is approximately right. (Mr. Baldwin) Did you not say you would confer with your clients and advise me? (Mr. Kolodny) I believe I advised you. (Mr. Baldwin) Did you not then confer with your clients and call me back and say, substantially, it is settled? Did you not do that on November 9th, which I think is the date I wrote this settlement agreement? (Mr. Kolodny) Those are my words. (Mr. Baldwin) You called me back and said this was it? (Mr. Kolodny) That was the conversation. (Mr. Baldwin) You told me to draw up releases and settlement agreement and order and release of satisfaction and send them to you? (Mr. Kolodny) And you did. (Mr. Baldwin) And the release is in the form set forth in paragraph 4 of the Declaration, here? (Mr. Kolodny) I said you did. (Mr. Baldwin) Now, there is one other thing. Will you agree that one of the provisions of that settlement was the immediate raising and payment of the money as contradistinguished between split payments? (Mr. Kolodny) No, no. I will

say this; the idea was they would raise the cash, and I said they would need a little time, and you said, "All right, don't make it too long", or something to that effect; but it was not the payment of the cash immediately upon our conversation. (Mr. Baldwin) Did you agree the reason the settlement broke down, your clients found themselves unable to raise the cash? (Mr. Kolodny) Well, if the cash were available, I believe it would have gone through. (Mr. Baldwin) Will you agree to put this letter in evidence? (Mr. Kolodny) I have no objection."

In the letter offered in evidence, dated November 18, 1949, Mr. Kolodny stated: "I believe I have given them [the clients] ample time to raise the necessary funds to follow through our agreement. I have just received a call from my clients to the effect that they are unable to raise the money to pay off this claim. I have done everything possible to work this problem out. I see no other way out but to suggest that you mark this case for trial and I do hope that my clients are not hurt too badly."

The appellants contend that the evidence is insufficient to show that Mr. Kolodny had special authority to make settlement or that the proposed settlement was approved or ratified by them. They invoke the general rule that an alleged agent's own declarations are insufficient to establish his agency. *Liggett v. Rose,* 152 Md. 146, 161, 136 A. 651; *Culver v. Nichols,* 140 Md. 448, 452, 117 A. 873; *Oxweld Acetylene Co. v. Hughes,* 126 Md. 437, 440, 95 A. 45, L. R. A. 1916B, 751. It is well settled in Maryland that an attorney, as such, has no implied authority to compromise his client's claim. *White v. Davidson,* 8 Md. 169, 186; *Maddux v. Bevan,* 39 Md. 485; *Rohr v. Anderson,* 51 Md. 205. This is in accord with the rule elsewhere. See note, 66 A. L. R. 107. On the other hand, express authority may be shown through the testimony of the agent. 2 *Restatement, Agency,* sec. 285, and comment (a.) ; 4 *Wigmore, Evidence* (3d ed.) sec. 1078, p. 125; *Fritchey v. Bosley,* 56 Md. 94, 98;

*Oelrichs v. Ford,* 21 Md. 489, 503. · Cf. *Brown v. Hebb,* 167 Md. 535, 545, 175 A. 602, 97 A. L. R. 366. See also *Gesmundo v. Bush,* 133 Conn. 607, 53 A. 2d 392, 394.

In the instant case, the statement or stipulation of Mr. Kolodny, in open court, was made "rather than have Mr. Baldwin putting me on the stand and going through a lot of unnecessary detail". It is entitled to the same credence as sworn testimony. Moreover, one of his clients was seated beside him at the trial table and was called to the stand both before and after his statement. At no time was any denial of the truth of his statement made by the clients. We think the trial court could properly find, as it did, that Mr. Kolodny obtained the approval of his clients before accepting Mr. Baldwin's last offer, and that the settlement only fell through because they could not raise the money.

There is a *prima facie* presumption that an attorney has authority to bind his client by his actions relating to the conduct of litigation. *Margos v. Moroudas,* 184 Md. 362, 371, 40 A. 2d 816; *Schnapper v. Yoe,* 194 Md. 573, 71 A. 2d 759. This is particularly true of stipulations or admissions made in the course of a trial. *Bloom v. Graff,* 191 Md. 733, 737, 63 A. 2d 313; 9 *Wigmore, Evidence,* (3d ed.) sec. 2594; 2 *Jones, Evidence* (2nd ed.) pp. 1759, 1761. In the instant case there was a judicial admission that settlement had been made, with the clients' approval, which made evidence on the point unnecessary. *Sealock v. Hackley,* 186 Md. 49, 53, 45 A. 2d 744. In view of our conclusion it is unnecessary to discuss the appellee's contention that no defense to the fourth count could have been raised under the pleadings.

*Judgment affirmed, with costs.*