# EASTGATE ASSOCIATES ET AL. v. LEONARD APPER ET UX.

[No. 156, September Term, 1975.]

*Decided February 3, 1976.*

The cause was submitted on the petition for writ of certiorari to MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*John P. Corderman* on the petition for appellants.

*Darrow Glaser* on the answer for appellees.

ELDRIDGE, J., delivered the opinion of the Court. MURPHY, C. J., would not have granted certiorari.

In this case, the plaintiffs took an appeal to the Court of Special Appeals from the action of the circuit court granting a motion for a directed verdict. However, there was no entry of a final judgment. The Court of Special Appeals held that the appeal should be dismissed as premature but then proceeded, under Maryland Rule 1071, to decide the substantive issues involved in the case and to order further proceedings in accordance with its opinion. Upon the defendants' petition for a writ of certiorari, we hold that since the Court of Special Appeals was without jurisdiction to entertain the appeal, it was error for that court to invoke Rule 1071 and issue a mandate pertaining to the merits of the case.

Leonard and Beverly Apper filed suit in the Circuit Court for Washington County seeking damages for injuries allegedly sustained by Mr. Apper in the defendants' motel when a bathtub "handhold" which he was using broke from the wall. At the jury trial, after the close of the evidence presented by the Appers, the trial court granted the defendants' motion for a directed verdict. Pursuant to Rule 552 e, the granting of the motion was entered on the docket on November 26, 1974. The next docket entry, dated

December 23, 1974, is: "Order for Appeal by Plaintiffs Leonard Apper and Beverly Apper, His wife, filed." No final judgment was entered as required by Rule 567 f.

On appeal, the Court of Special Appeals held that because no final judgment was entered, the appeal was premature. Nevertheless, the Court of Special Appeals, invoking Rule 1071, went on to "discuss the facts and applicable laws in the light of the substantial merits of the case." After determining that the grant of the defendants' motion for a directed verdict was unwarranted on the ground that the doctrine of *res ipsa loquitur* was applicable, the Court of Special Appeals concluded that

> "[a]lthough we must dismiss the appeal, we remand the case with direction that judgment be entered in favor of appellees for costs. For a period of thirty days after the entry of judgment, the trial court has revisory power and control over it. Rule 625, § a. Upon a proper and timely motion, the trial judge should strike the judgment and order a new trial. We observe that the order entered by this Court and the opinion on which the order is passed shall be conclusive as to the points finally decided thereby."

The mandate of the court read, in pertinent part: "APPEAL DISMISSED; CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION." The defendants have filed a petition for a writ of certiorari, complaining about the Court of Special Appeals' determination regarding the applicability of *res ipsa loquitur*. However, we have granted the petition for a writ of certiorari only to consider whether the Court of Special Appeals may invoke Rule 1071 to decide substantive issues presented in a case appealed prematurely to that court.

The jurisdiction of this Court, and the Court of Special Appeals, is determined by constitutional provisions, statutory provisions and rules; jurisdiction cannot be conferred by consent of the parties. *Blocher v. Harlow,* 268 Md. 571, 578, 303 A. 2d 395 (1973); *Lang v. Catterton,* 267

Md. 268, 275, 297 A. 2d 735 (1972); *Harford Sands, Inc. v. Levitt & Sons,* 27 Md. App. 702, 706, 343 A. 2d 544 (1975); *Wright v. Nugent,* 23 Md. App. 337, 356, 328 A. 2d 362 (1974). *But cf. Keystone Eng. Corp. v. Sutter,* 196 Md. 620, 78 A. 2d 191 (1951); *Kendall Lumber Co. v. State,* 132 Md. 93, 103 A. 141 (1918).

Where appellate jurisdiction is lacking, the appellate court will dismiss the appeal *sua sponte, Diener Enterprises v. Miller,* 266 Md. 551, 555, 295 A. 2d 470 (1972); *Tedrow v. Ford Motor Co.,* 260 Md. 142, 144, 271 A. 2d 688 (1970); *Harkins v. August,* 251 Md. 108, 109, 246 A. 2d 268 (1968); *Hawkins v. GMAC,* 250 Md. 146, 242 A. 2d 120 (1968); *Harford Sands, Inc. v. Levitt & Sons, supra,* 27 Md. App. at 706; *Flores v. King,* 13 Md. App. 270, 282 A. 2d 521 (1971); Rules 835 a 1 and 1035 a 2 and b 1, or, under appropriate circumstances, and where another court would have jurisdiction, the appellate court may transfer the case to the court having jurisdiction, *Shell Oil Co. v. Supervisor,* 276 Md. 36, 343 A. 2d 521 (1975).

An appeal may be taken to the Court of Special Appeals "within thirty days from the date of the judgment appealed from." Rule 1012 a. Except for circumstances where appeals from interlocutory judgments are provided for, not here present, the appeal must be taken from a *final* judgment. Maryland Code (1974), § 12-301 of the Courts and Judicial Proceedings Article; *Blocher v. Harlow, supra,* 268 Md. at 578; *Eberly v. Eberly,* 253 Md. 132, 251 A. 2d 900 (1969); *Merlands Club, Inc. v. Messall,* 238 Md. 359, 361, 208 A. 2d 687 (1965); *Harford Sands, Inc. v. Levitt & Sons, supra,* 27 Md. App. at 708.

In the instant case, the appeal was taken from the instruction granting a directed verdict. Such an instruction is equivalent to a jury verdict, *see* Rule 552 e, and is analogous to the entry of a judgment *nisi* in an action tried by the court, *Merlands Club, Inc. v. Messall, supra,* 238 Md. at 362; Rule 564 b 1. As with a judgment *nisi,* a verdict, whether reached by jury or directed by the court, is not a final order. *See* Rule 567 f. "[I]t is indisputably clear that there is no right to appeal from a verdict," *Montauk Corp. v.*

*Seeds,* 215 Md. 491, 502, 138 A. 2d 907 (1958). *See,* additionally, *Hawkins v. GMAC, supra,* 250 Md. at 148; *Merlands Club, Inc. v. Messall, supra,* 238 Md. at 362-363; *Md., Del. and Va. Rwy. Co. v. Johnson,* 129 Md. 412, 99 A. 600 (1916).

The Court of Special Appeals, however, after properly holding that the appeal should be dismissed for lack of jurisdiction, invoked Rule 1071 to rule on the substantive issues involved in the case. Rule 1071 a provides:

> "If it shall appear to this Court that the substantial merits of a case will not be determined by affirming, reversing or modifying *the judgment from which the appeal was taken,* or that the purposes of justice will be advanced by permitting further proceedings in the cause, either through amendment of the pleadings, introduction of additional evidence, or otherwise, then this Court, instead of entering a final order affirming, reversing or modifying *the judgment from which the appeal was taken,* may order the case to be remanded to the lower court. Upon remand to the lower court, such further proceedings shall be had by amendment of the pleadings, introduction of additional evidence, making of additional parties, or otherwise, as may be necessary for determining the action upon its merits as if no appeal had been taken and the judgment from which the appeal was taken had not been entered; provided, however, *that the order entered by this Court in remanding said case, and the opinion of this Court on which said order is passed, shall be conclusive as to the points finally decided thereby.* In such an order remanding a case, this Court will express the purpose for so remanding and in its opinion filed with said order will determine all questions which may have been properly presented." (Emphasis supplied.)

By its terms, Rule 1071 does not purport to vest appellate jurisdiction in a case where otherwise none would lie. The

rule is the same as Rule 871 with respect to the Court of Appeals, and both were designed to permit the appellate court, in the interests of justice and judicial expediency, to remand the case for further proceedings "instead of entering a final order affirming, reversing or modifying the *judgment* from which the appeal was taken." (Emphasis supplied.) There must still be an appealable judgment for the rule to be applicable. Moreover, Rule 1071 contemplates a situation where the court may appropriately exercise appellate jurisdiction over the merits of the case, for it provides for a remand rather than a dismissal of the appeal, and it specifies that the remand order and opinion of the Court of Special Appeals "shall be conclusive as to the points finally decided thereby." However, a court cannot logically exercise such jurisdiction over the merits of the controversy when at the same time it lacks jurisdiction over the matter.

We recognize that both this Court and the Court of Special Appeals have previously utilized Rules 871 and 1071 respectively in issuing a mandate on the merits of a case where there was no appealable order and hence no jurisdiction in the appellate court. *Dackman v. Dackman,* 252 Md. 331, 336, 250 A. 2d 60 (1969); *Beckward v. Hensel,* 20 Md. App. 544, 556, 316 A. 2d 309, *rev'd on other grounds,* 273 Md. 426, 330 A. 2d 196 (1974); *Stitzel v. Kurz,* 18 Md. App. 525, 540, 308 A. 2d 430, *cert. denied,* 269 Md. 755, 761 (1973). And see with respect to Rule 885, *Blocher v. Harlow, supra,* 268 Md. at 585. However, in none of these cases was there any discussion of Rules 871 or 1071 or of the jurisdictional problems involved. In fact, in each of the above cases invoking Rule 871 or Rule 1071, the opinion dealt with the issue in a one-sentence assertion that the rule was applicable. In light of this, the precedential value of *Dackman v. Dackman, supra,* is diminished. To the extent that the above-cited cases support an assumption of appellate jurisdiction in the absence of an appealable order, they are disapproved.

In conclusion, as there has been no appealable judgment entered in this case and thus no appellate jurisdiction in the Court of Special Appeals, it was error for that court to have

invoked Rule 1071 in dealing with the merits of the case. This error was manifested in the mandate of the Court of Special Appeals which, in addition to dismissing the appeal, purported to exercise appellate jurisdiction by remanding the case for further proceedings in accordance with its opinion. The mandate should have gone no further than a dismissal of the appeal. Normally, in dismissing an appeal because there is no appellate jurisdiction, a court will not deal with the merits of a case, *Diener Enterprises v. Miller, supra,* 266 Md. at 552. In exceptional circumstances, however, a court may express its views on the merits of a case as *dicta. See, e.g., Hawkins v. GMAC, supra.* However, where appellate jurisdiction is absent, such statements by the appellate court can logically be no more than *dicta,* and it is improper for the order of the appellate court, and the opinion on which the order is based, to be made conclusive as to the points discussed.

> *Judgment of the Court of Special Appeals modified by deleting all of the language following "appeal dismissed," and, as modified, affirmed.*
>
> *Respondents to pay the costs in this Court and in the Court of Special Appeals.*

Chief Judge Murphy does not concur in the granting of the petition for a writ of certiorari.