KENNETH KINKAID ET AL. *v.* JAMES E. CESSNA

[No. 229, September Term, 1981.]

*Decided June 3, 1981.*

---

The cause was submitted on briefs to THOMPSON, MOORE and LISS, JJ.

Submitted by *Michael John Miller* and *Miller, Markey & Hoffman* for appellants.

Submitted by *Thomas F. Santer* and *Ashcraft & Gerel* for appellee.

MOORE, J., delivered the opinion of the Court.

In this appeal, we consider an Order of the trial court denying a motion to enforce a settlement agreed to by counsel in a negligence action, when the authority of plaintiff's attorney to settle his client's claim was disclaimed.[1] We find no error and affirm.

I

The facts and circumstances are uncomplicated. On April 18, 1978, in the Circuit Court for Prince George's County, a lawsuit was commenced by the appellee, James E. Cessna ("Cessna"), a Pennsylvania resident, against Kenneth Kinkaid and Ruth Ann Reed, the appellants (hereinafter "Kinkaid"), for alleged automobile negligence. Prior to the scheduled trial date of August 8, 1979, counsel for Cessna informed Kinkaid's counsel that his client had agreed to accept a settlement proposal of $600.00. On July 31, 1979, a Memorandum of Settlement was filed with the assignment

---

1. This appeal came before us initially, on the same issues, as Kinkaid v. Cessna, No. 204, September Term, 1980. In an unpublished *per curiam* opinion filed on January 16, 1981, the case was remanded for further proceedings. After remand, the parties agreed to the disposition of the appeal on the briefs and record extract previously filed and without further oral argument.

office and the case was removed from the trial calendar. Later a check was duly sent to Cessna's counsel.

The next significant development occurred on October 29, 1979 when a Motion to Reinstate was filed by Cessna's counsel. It stated, in pertinent part, that "[s]ubsequent to August 8, 1979, plaintiff's attorney became aware of the fact that plaintiff's desires in the matter were misconstrued and, in fact, plaintiff had not agreed to the proposed settlement." Kinkaid filed an opposition to the motion. Apparently without a hearing, the court (McCullough, J.) ordered that the case be reinstated and scheduled for trial on May 12, 1980.

On November 13, 1979, a Motion to Enforce Settlement was filed by the appellants in which it was stated, *inter alia,* that "[t]he plaintiff has allowed his attorney to conduct all matters of discovery, file pleadings and discuss the case directly with the defendants' attorney, thus holding him out as having authority to settle the case." At a subsequent hearing on the motion, counsel for Kinkaid argued that the case of *Clark v. Elza,* 286 Md. 208, 406 A.2d 922 (1979) was dispositive. No testimony was presented by either side. Cessna's counsel informed the court (Meloy, J.) of a telephone conversation between himself and Cessna's wife relating to a settlement proposal received from Kinkaid's counsel. "[A]s I recall her statements," he informed the court, "it was to the effect that my husband is upset, but he believes that he ought to go on with it," and he interpreted the wife's statement to mean that Mr. Cessna was "going to go forward and settle the claim." On that basis, he informed Kinkaid's counsel that the $600 offer was accepted. The following colloquy then ensued:

> THE COURT: "Are you telling the court that you have never received from your client direct authorization to settle?
>
> MR. SANTER: "On hindsight, looking at his statements and talking to him subsequent to what I believed to be the settlement, that is what I am telling the court. My client never authorized me to settle the case. I believed he did, but he did not."

The court denied appellants' Motion to Enforce Settlement and stated:

> "It would appear from the testimony that I am considering, the remarks of counsel, not his testimony, but his argument, that he made an error in his construing a statement relayed to him through the plaintiff's wife.
>
> * * *
>
> "Under those circumstances, I don't feel that it was a contract or an executory accord, and will deny the motion to enforce a settlement."

On appeal, Kinkaid contends that the trial court abused its discretion in denying the motion.[2] The following questions are presented, both of which, it is argued, are supported by *Clark v. Elza*, 286 Md. 208, 406 A.2d 922 (1979):

> "1. Whether, assuming the truth of the representations made by Appellee's counsel below, the court erred in holding that counsel for Appellee was not authorized to agree to the settlement.
>
> 2. Whether the Appellee below failed to carry its burden of proving that Appellee's counsel lacked special authority to enter the settlement agreement with Appellants' counsel."

## II

We must at once reject, as did the trial court, appellants' contention that *Clark v. Elza, supra,* is dispositive. In *Clark,* the lower court denied defendants' Motion to Enforce Settlement.[3] That was also an automobile negligence case.

---

**2.** The appellants also raised the issue, not addressed by the appellee, as to whether the denial of their Motion to Enforce Settlement is an immediately appealable interlocutory order. The denial was, of course, immediately appealable under the "collateral order doctrine" as set forth in *Clark v. Elza,* 286 Md. 208, 406 A.2d 922 (1979).

**3.** As pointed out in the opinion of the Court, n.1, no issue was raised concerning the procedural device utilized and the Court, therefore, did not consider the matter. Similarly, that issue has not been raised here.

In settlement negotiations, a figure of $9,500 was agreed upon and the case was removed from the trial calendar. However, unlike the instant controversy, no question was raised with respect to the authority of either attorney to settle the case; both parties in *Clark* agreed upon and authorized the settlement. Thereafter, the injured plaintiff was seen by a new physician and was informed that his injuries were more serious than originally believed. The defendants were then informed that the settlement figure was no longer adequate and the court was advised that the plaintiffs were unwilling to complete the settlement.

The Court of Appeals found that the agreement was an enforceable executory accord and that the trial court erred in permitting the plaintiff to proceed with the underlying tort action in violation of the settlement agreement. The issues with respect to an attorney's authority *vel non* to settle a lawsuit were not present in *Clark* and, therefore, the case is clearly inapposite.

With respect to the question of an attorney's authority to settle a claim, we begin our analysis with a recognition of the general rule that there is a *prima facie* presumption that an attorney has authority to bind his client by his actions relating to the conduct of litigation. *Posko v. Climatic Control Corp.,* 198 Md. 578, 584, 84 A.2d 906, 909 (1951); *Margos v. Moroudas,* 184 Md. 362, 371, 40 A.2d 816, 820 (1945). In Maryland, however, it is also well established that an attorney has no implied authority to compromise his client's claim. *Posko, supra,* 198 Md. at 583, 84 A.2d at 909; *Fritchey v. Bosley,* 56 Md. 94, 97 (1881). Express authority is required. *See generally* Annot., 30 A.L.R.2d 944 (1953). The presumption of an attorney's authority with respect to acts in furtherance of the course of litigation has been extended in several jurisdictions to acts relating to the settlement of a lawsuit. *E.g., Read v. Baker,* 438 F. Supp. 732, 735 (D. Del. 1977); *Aiken v. National Fire Safety Counselors,* 36 Del. Ch. 136, 127 A.2d 473, 475-76 (1956); *Walden v. Sanger,* 250 S.W.2d 312, 316 (Tex. Civ. App. 1952). Appellants here urge the adoption of a rule that when a settlement "is actually reached it be presumed to have

been made with express authority of the client." Although we recognize that there may be policy considerations which would support the extension of the presumption of authority to such situations, we are of the view that such extension is not sanctioned by the decided cases in Maryland.

Absent any such presumption, the burden of proof of express authority of an attorney to compromise a claim rests upon the party asserting such authority. This is so because the attorney-client relationship is governed by the law of agency and the issue of burden of proof must be determined by agency principles. H. Reuschlein & W. Gregory, *Agency and Partnership* § 21 (1979). As the Court of Appeals observed in *Fertitta v. Herndon,* 175 Md. 560, 3 A.2d 502 (1939):

> "[W]here the relation of the agency is dependent upon the acts of the parties (as here), the law makes no presumption of agency, and then it is always a fact to be proved, *with the burden of proof resting upon the person alleging the agency to show not only the fact of its existence, but also its nature and extent."* (Emphasis added.)

*Id.* at 564, 3 A.2d at 503-04, *citing Blacher v. National Bank of Baltimore,* 151 Md. 514, 518, 135 A. 383, 385 (1926). H. Reuschlein & W. Gregory, *Agency and Partnership* § 11 (1979); W. Seavey, *Agency* § 16 (1964).

It follows that the burden of proving the express authority of Mr. Cessna's counsel to settle the lawsuit was on the appellants. At the hearing on the Motion to Enforce Settlement, appellants presented no evidence but, as stated, simply relied upon *Clark v. Elza.* They, therefore, did not sustain their burden of proof. The trial court did not err in denying the Motion to Enforce Settlement.[4]

---

4. The representations to the court by appellee's counsel at the hearing below clearly reveal a lack of authority on his part to settle the lawsuit. Without deciding whether such representations constitute evidence, we merely observe that they were unchallenged and that the lower court accepted them.

## III

Appellants' alternative argument is that the appellee is bound by the acts of his counsel pursuant to agency law because the instructions given by the appellee to his attorney were ambiguous and the attorney, not realizing the ambiguity, acted in accordance with what he reasonably believed to be the intent of the principal. In such a case, it is argued, the principal is bound by the agent's actions. *Restatement (Second) of Agency* § 44 (1958). The short answer to appellants' contention is that the instructions to the attorney were not given by the appellee but by appellee's wife, who was neither a party to this suit nor an agent of the husband. *Twilley v. Bromley,* 192 Md. 465, 64 A.2d 553 (1949). Therefore, we find no merit in appellants' contention.

> *Order affirmed; costs to be paid by appellants.*