471 A.2d 333

**HAPPY 40, INC. et al.**

**v.**

**Stephanie MILLER.**

**No. 595, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Feb. 10, 1984.

**590**

Daniel J. Moore, Baltimore, with whom were Semmes, Bowen & Semmes, Baltimore, on brief, for appellants.

William G. Kemp, Elkton, with whom were Thomas L. Kemp and Kemp & Kemp, P.A., Elkton, on brief, for appellee.

Argued Before GILBERT, C.J., and LOWE and ADKINS, JJ.

ADKINS, Judge.

Because less than all the claims presented in this case were finally adjudicated, and because the Circuit Court for Cecil County made no express determination that there was no just reason for delay and gave no express direction for entry of final judgment as to less than all the claims, Md.Rule 605 a compels us to dismiss this appeal.

The factual and procedural background of the case is simple enough. In January 1982, appellee Stephanie Miller was employed as manager of appellant Happy 40, Inc., a liquor store in Cecil County. Appellant Richard Booher was the president of Happy 40. It seems that Booher was concerned about a problem of internal theft, apparently accomplished by the manipulation of cash register tapes. This concern was communicated to the Elkton Police, who interviewed Miller. When she returned to Happy 40 following the interview, Booher discharged her. Later, Booher told other employees that Miller had been under suspicion in connection with the missing funds. He conveyed similar information to the Employment Security Administration in connection with Miller's claim for unemployment compensation.

Miller sued Happy 40 and Booher in the Circuit Court for Cecil County. Count I of her declaration claimed damages for wrongful discharge. Count II alleged defamation. Count III charged Booher with wrongful interference with contractual relations. Count IV charged Booher with intentional infliction of severe emotional distress.

It is clear that this declaration presented multiple claims because it stated "more than one claim which [could] be separately enforced." *Diener Enterprises, Inc., v. Miller,* 266 Md. 551, 556, 295 A.2d 470 (1972). As has been said about the provisions of Rule 54(b), Federal Rules of Civil Procedure, the language and operation of which are similar to Md.Rule 605 a:

> A single claimant presents multiple claims for relief . . . when his possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action. . . .

Wright, Miller and Kane, 10 *Federal Practice and Procedure: Civil 2d* § 2657 (1983) [footnotes omitted].

Prior to trial, the circuit court granted appellants' motion for summary judgment as to Counts I and III. Neverthe-

less, as the docket reflects, no judgment was entered as to these counts. Following the close of the evidentiary phase of the case, the court granted appellants' motion for directed verdict as to Count IV. Again, no judgment was entered. The case went to the jury on Count II, which brought in a verdict in favor of Miller. Final judgment against appellants was duly entered in the amount of damages found by the jury under Count II. It is from that judgment that appellants have appealed.

The problem, of course, is the lack of any final disposition with respect to the separate claims asserted in Counts I, II, and IV. The granting of a motion for summary judgment "does not itself constitute the entry of final judgment." *Felger v. Nichols,* 30 Md.App. 278, 279, 352 A.2d 330 (1976). The granting of a motion for directed verdict is not a final judgment. *Eastgate Associates v. Apper,* 276 Md. 698, 350 A.2d 661 (1976).

Thus, appellants are faced with Md.Rule 605 a which provides, in pertinent part:

Where more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such a determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

In the case at bar, the trial judge did not make the "express determination" and "express direction" required by the rule. Nor, as we have seen, was any judgment entered with respect to Counts I, III, and IV. Therefore, the final judgment entered on Count II adjudicated "less than all the

claims" and did "not terminate the action as to any of the claims. . . ."

As a consequence, there is no appealable final judgment. We must dismiss the appeal. *Biro v. Schombert,* 285 Md. 290, 402 A.2d 71 (1979); *Baltimore Contractors, Inc., v. Valley Mall Associates,* 27 Md.App. 695, 341 A.2d 845 (1975).

APPEAL DISMISSED.

COSTS TO BE PAID BY APPELLANTS.

MANDATE TO ISSUE FORTHWITH.